IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Evolved Wireless, LLC,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 2:21-CV-00033 |
| | § § | |
| **Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.,** | § § § | Jury Trial Demanded |
| *Defendants*. | § § § | |

**PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ 1

TABLE OF AUTHORITIES .......................................................................................................... 2

I.     INTRODUCTION ............................................................................................................. 1

II.    RESPONSE TO FACTUAL BACKGROUND ................................................................ 1

      a.    Samsung misrepresents the procedural history of the parties' dispute. .................. 1

      b.    The claim construction disputes raised here were necessitated by Samsung's improper reading of the claims. ............................................................................. 3

III.   DISPUTED CONSTRUCTIONS ...................................................................................... 5

      a.    Terms 1&2: "use" of a preamble in the random-access procedure ........................ 5

            i.    Samsung misrepresents the claim language. ................................................ 6

            ii.   Samsung places undue emphasis on antecedent basis and misrepresents Dr. Laneman's testimony. ............................................................................. 7

            iii.  Samsung gives an overly strict meaning to "use." ....................................... 9

      b.    Term 3: whether the preamble in the '326 Patent is "dedicated" ........................... 9

IV.    CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commcn's, Inc.*
    694 F.3d 1312 (Fed. Cir. 2012) ..... 9

*Bayer Healthcare LLC v. Baxalta Inc.*
    989 F.3d 964 (Fed. Cir. 2021) ..... 9

*Bicon, Inc. v. Straumann Co.*
    441 F.3d 945 (Fed. Cir. 2006) ..... 6

*Elekta Instruments S.A. v. O.U.R. Sci. Int'l, Inc.*
    214 F.3d 1302 (Fed. Cir. 2000) ..... 6

*Energizer Holdings v. ITC*
    435 F.3d 1366 (Fed. Cir. 2006) ..... 7

*Finjan, Inc. v. Secure Computing Corp.*
    626 F.3d 1197 (Fed. Cir. 2010) ..... 9

*Jonsson v. Stanley Works*
    903 F.2d 812 (Fed. Cir. 1990) ..... 10

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*
    521 F.3d 1351 (Fed. Cir. 2008) ..... 9

*Rfcyber Corp. v. Google LLC*
    Civ. No. 2:20-CV-00274-JRG,
    2021 U.S. Dist. LEXIS 222160 (E.D. Tex. Nov. 17, 2021) ..... 9

*Summit 6, LLC v. Samsung Elecs. Co., Ltd.*
    802 F.3d 1283 (Fed. Cir. 2015) ..... 9

*U.S. Surgical Corp. v. Ethicon, Inc.*
    103 F.3d 1554 (Fed. Cir. 1997) ..... 9

I.  **INTRODUCTION**

In its Response, Samsung claims that it is proposing the plain and ordinary meaning of the disputed terms, but in reality Samsung's proposals ignore the express language of the claims and depart entirely from the clear purpose of the claimed inventions. For example, regarding Terms 1 and 2, Samsung states that "Evolved attempts to rewrite the claims," but it is Samsung which attempts to do so by eliminating the two-option element explicitly recited in the claims of the '679 patent and ignoring the "based on" language in the claims of the '326 Patent.

Samsung misrepresents the nature of the second dispute (Term 3) by stating that it "involves the phrase 'a preamble.'" In fact, the second dispute involves the phrase "information related to a preamble for the terminal previously defined in a handover confirm message sent from the target base station to the source base station." By focusing only on the single word "preamble," Samsung ignores the context in which the term appears in the claim. This context indicates to a POSITA that the preamble is dedicated to a particular mobile terminal. Samsung claims that Evolved is trying to add the word "dedicated" to the phrase "a preamble." But it is the entire phrase (including especially the term "for the terminal") that provides the proper context for the term.

II.  **RESPONSE TO FACTUAL BACKGROUND**

Samsung repeats much of the same factual allegations it previously set forth in its request for a stay pending *ex parte* reexamination. Evolved responded to many of those allegations before, pointing out how Samsung was focusing on irrelevant facts and misrepresenting the record. *See* Dkt. No. 47. The Court denied Samsung's Motion for Stay after hearing both sides of the story, but Evolved responds to certain statements made by Samsung here to reinforce their inaccuracy.

    a.  **Samsung misrepresents the procedural history of the parties' dispute.**

Samsung again states that Evolved's only infringement theory is based on Samsung's compliance with the LTE standard. *See* Response at 1. That is incorrect. Evolved's infringement

theory is based on the accused products' compliance with the LTE standard, conformance testing, hardware schematics, and intensive review of source code. Compliance with the standard is certainly part of the analysis; the patents are standard-essential, so the standard is necessarily implicated. Every standard-essential patent case involves heavy reliance on a standard. But the suggestion that Evolved's infringement analysis relies only on the standard is incorrect.

Samsung's Response includes a factual recitation of a previous lawsuit between the parties involving a different patent from the same family as the two patents asserted in this case, claiming that "over the next five years, Evolved's Delaware case failed." While it is true that Evolved lost on infringement (against a different party than Samsung), Evolved <u>prevailed</u> on validity at every turn, defeating multiple IPRs (including one filed by Samsung) based on the same art that Samsung continues to assert in this case. Samsung also mentions the LGE-Qualcomm license. To be clear, the license that formed the basis of the Delaware defendants' exhaustion defense was terminated effective December 31, 2018—a fact that has never been disputed. Evolved already pointed this out in its Complaint in this case, only accusing Samsung's products with Qualcomm chips of infringement beginning on January 1, 2019. *See* Dkt. No. 24 at ¶ 55. It is unclear what Samsung hopes to achieve by reciting these facts (but ignoring Evolved's good-faith efforts to narrow the case in view of the procedural history) in a claim construction brief.

Samsung also continues to allege that Evolved is attempting "to start the case over again at square one." Response at 4. However, as Evolved pointed out in its response to the motion to stay, a lot of the work necessary to try this case has already been completed due to the litigation in the ITC. The only "new" discovery necessary in this case relates to damages (which were not at issue in the ITC) and the re-review of third-party source code that the parties were not permitted to retain. In the meantime, Samsung has still not verified that it has given Evolved all the correct

software Build IDs so it can complete its review the code and, in fact, has repeatedly changed the list of relevant products it has provided to Evolved, altering dates, changing software Build IDs, deleting products it previously identified as relevant in the ITC, and simultaneously promising Evolved that the final list should be coming soon.

Ultimately, despite Samsung's repeated "square one" argument, the Parties (at Evolved's urging) are already in the process of agreeing to a number of stipulations that will significantly streamline the final month of discovery and the preparation of expert reports. Samsung, on the other hand, has sent out dozens of third-party subpoenas in this case that it did not serve in the ITC (mostly on irrelevant topics). But any new discovery into issues unrelated to infringement, validity, and damages do not change the fact that this case has already proceeded far beyond "square one."

    **b.**    **The claim construction disputes raised here were necessitated by Samsung's improper reading of the claims.**

Samsung states in its Response that, "during the ITC *Markman* proceedings, ***Evolved contended that none of these terms from the '326 or '679 patents required construction***." Response at 3 (emphasis in original). The suggestion that Evolved acted improperly by not asking for resolution of these terms is incorrect and misleading. At the time the parties exchanged terms for construction in the ITC, Evolved had disclosed its detailed infringement contentions (thus, Samsung was aware of how Evolved was interpreting the claims), but Samsung had not yet disclosed its non-infringement theories. Neither side proposed terms for construction, which made sense because the claim language is clear (as discussed in Evolved's opening brief and further below). Samsung did not disclose its convoluted "use" and "antecedent basis" theories of non-infringement until shortly before expert reports were due. Thus, there was no reason to raise the issue for the ALJ's consideration during claim construction. After Samsung's belated disclosure of those non-infringement theories, Evolved **did** raise the issue in its pre-hearing brief. As for the

"preamble" limitation in the '326 Patent (Term 3 below), all that Samsung had disclosed before claim construction was its invalidity contentions, which treated the preamble as dedicated (as Evolved contends). *See, e.g.*, Exhibit 16, Invalidity Contentions at 91–99 (referencing "dedicated" preambles or resources over twenty times when discussing the relevant claim language from the '326 Patent), Exhibit 17 (claim chart discussing "'dedicated preamble used only for a specific terminal,' as the claim requires"). Thus, Evolved understood there was no dispute about this term.

Samsung also claims that "[o]nly after restarting this case did Evolved contend, for the first time in the years-long litigation history between the parties, that the terms at issue in this brief required construction." Response at 4. As an initial matter, none of the terms at issue here appeared in the '373 Patent that was litigated in Delaware. The independent claim in the Delaware case read:

> 24. A mobile terminal for establishing a radio connection to a target base station in a mobile communications system, the mobile terminal comprising:
> a radio protocol adapted to receive access information from a source base station after a handover request is accepted by the target base station and to perform a random access procedure with the target base station using the received access information, such that the access information is configured to permit the terminal to access the target base station,
> wherein the access information includes preamble information for the random access procedure,
> wherein the preamble information is a dedicated preamble used only for a specific terminal, and
> wherein the dedicated preamble is determined by the target base station.

Exhibit 18, '373 Patent at Claim 24 (highlighting added). Thus, the claim at issue in the Delaware cases (unlike here) explicitly recited that the information the mobile terminal **receives** is limited to a "dedicated preamble" (as compared to the claims of the '679 Patent, for example, which give the option of receiving either a dedicated preamble **or** an index of the dedicated preamble). The common non-infringement defense in Delaware was that the mobile devices received an index of the dedicated preamble and not the dedicated preamble itself. Apple secured a non-infringement verdict on this basis. But, Evolved had other patents that explicitly recited the proper limitation

("dedicated preamble or an index of the dedicated preamble").[1] It is no surprise—and is in no way improper—that Evolved chose to assert these other patents going forward.

Finally, Samsung claims that Evolved sought to have the terms construed "only after seeing Samsung's noninfringement and invalidity positions in explicit detail at the ITC, and after Samsung extracted numerous admissions from Evolved's experts in the ITC case." Response at 4. Samsung does not identify these alleged "admissions" from Evolved's experts. In fact, Samsung did not meaningfully challenge Evolved's experts at all in the ITC. Instead, Samsung's sole non-infringement defense was the claim-construction position that Evolved has presented for this Courts' resolution. Evolved has retained the same experts from the ITC, whose opinions are unchanged. Samsung, on the other hand, recently disclosed a new technical expert, apparently abandoning its technical expert from the ITC, who distanced himself from Samsung's invalidity positions during his deposition, contradicting the language from his expert report and the very invalidity position Samsung is still advancing in the pending EPRs.

In short, there was no reason (or mechanism) for Evolved to ask for resolution of the terms in the Delaware case. And, in the ITC case, Samsung did not disclose its claim-construction-based non-infringement positions until shortly before expert reports were due. Evolved has properly brought these issues before this Court for resolution, despite Samsung's insinuations otherwise.

## III. DISPUTED CONSTRUCTIONS

### a. Terms 1&2: "use" of a preamble in the random-access procedure

"If only an index is received, there is no infringement." Brief at 12. This statement from Samsung illustrates precisely why the Court needs to resolve this dispute between the parties.

---

[1] Any suggestion that Evolved somehow drafted these claims to read on the accused products is incorrect. This language existed in the '097 Patent, which issued on July 10, 2012—years before Evolved acquired the portfolio. *See, e.g.*, Exhibit 19, '097 Patent at Claims 1, 6.

Samsung cannot point to a single limitation that is missing from the accused products, so it has to resort to a tortured antecedent-basis argument, which eliminates a phrase entirely from the claims and tries to convert a limitation that is expressly recited as an alternative option into a mandatory requirement. This argument ignores the claim language, reads out an express option, and ignores unrefuted testimony from Evolved's expert about what a POSITA would understand.

### i.  Samsung misrepresents the claim language.

Samsung frames the parties' dispute as a question: "Does '**the** dedicated preamble" that is transmitted to the network by the mobile terminal on the random access channel (RACH) in uplink in step [6.10] have to be the same "**a** dedicated preamble" that the mobile terminal previously received from the network in steps [6.5] and [6.8]?" Response at 8. Samsung's own question illustrates the flaw in its position. Samsung asks whether the transmitted preamble has to be the same dedicated preamble that is received. But the claim language does not require a dedicated preamble to be received. It gives two options: (1) dedicated preamble, or (2) an index of the dedicated preamble. If the phone receives option 1, then yes, Samsung is correct that the dedicated preamble has to be the same one that is received. But Samsung completely ignores option 2. Here, the preamble has to be "based on" the information that is received, as is described in the specification. *See, e.g.*, '679 Patent at 7:23–44; '326 Patent at 7:29–50; Opening Brief at 19–22.

Here, Samsung does not give any explanation for what the "or an index of the dedicated preamble" means in the claims. Instead, Samsung completely reads it out of the claim with no explanation for what the phrase means or what embodiments would include it. This is contrary to the law of claim construction. *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) ("[C]laims are interpreted with an eye toward giving effect to all terms in the claim.") (citing *Elekta Instruments S.A. v. O.U.R. Sci. Int'l, Inc.*, 214 F.3d 1302, 1305, 1307 (Fed. Cir. 2000)).

Samsung claims that Evolved is trying to get the Court to rewrite the claims "to allow *any*

dedicated preamble to be sent by the mobile terminal to the network on a random channel in uplink, whether or not the dedicated preamble is received from the network." Response at 9. Again, Samsung ignores the language of the claim. It is not **any** dedicated preamble that is sent to the base station. It is a dedicated preamble that is associated with the received index.

Samsung attempts to give meaning to the index term by suggesting that it remains in the "claim, but simply does not inform the later limitations." Response at 11. This is wrong. What Samsung is really saying is that if the mobile device receives an index, it also has to receive the dedicated preamble; but, that is not what the claim says. The claim uses the disjunctive "or." Under Samsung's theory, there is **no** claimed embodiment where the phone receives an index but not also a preamble. This makes no sense from a technical point of view.

      ii.      **Samsung places undue emphasis on antecedent basis and misrepresents Dr. Laneman's testimony.**

The crux of Samsung's claim construction-based non-infringement theory is that the dedicated preamble that the mobile device sends to the target base station must be received from the source base station (despite the claim language) because "the dedicated preamble" needs "a dedicated preamble" for antecedent basis. However, an express antecedent basis is not even required "[w]hen the meaning of the claim would be reasonably understood by persons of ordinary skill when read in light of the specification." *See, e.g.*, *Energizer Holdings v. ITC*, 435 F.3d 1366, 1371 (Fed. Cir. 2006) . Thus, the question is what a POSITA would understand from reading the claim language as informed by the specification. Dr. Laneman's testimony is directly on point and provides the understanding of a POSITA. *See* Opening Brief at 23–26; Exhibit 3.

Samsung claims that Dr. Laneman's position regarding antecedent basis "makes no sense." Response at 10. But in doing so, Samsung ignores most of his testimony on the point. Dr. Laneman clearly explained what a POSITA would understand about the claim language (precisely what the

law requires). *See, e.g.*, Exhibit 20, Laneman Deposition at 146:9–148:20. Unhappy with Dr. Laneman's answer, Samsung now focuses on how it contends the claims **could have** been written: "transmit, to the network, the dedicated preamble or the index of the dedicated preamble on a random access channel (RACH) in uplink." Response at 10. Samsung's point does not make sense in the context of the technology at issue. Why would one transmit the index from the mobile device to the base station? The index is used to simplify the information the device has to receive from the source base station. Dr. Laneman's testimony regarding antecedent basis puts the words of the claim in the context of what a POSITA would understand from reading the claims in light of the specification. Samsung's suggestion that the claim "could have been written" to include transmitting the index ignores how the claimed system actually works. Evolved has expert testimony on this point. Samsung declined to rebut it with its own expert.

Samsung then claims that "if 'the dedicated preamble' always takes as its antecedent basis from 'a dedicated preamble or an index of the dedicated preamble,' then 'an index of **the dedicated preamble**' has itself as its antecedent basis." Response at 10 (emphasis added). Samsung is missing the point. The target base station decides what dedicated preamble it is going to receive from the mobile device. So, when it sends an index, it **is** an index of **the** dedicated preamble, because it is an index of **the** dedicated preamble that the target base station expects to receive:

> The target eNB (**14**) may receive the preamble of the UE. Since the target eNB (**14**) already allocates a signature used in the preamble to the UE in the use of handover, the UE can be identified by the preamble.

'679 Patent at 7:45–48; '326 Patent at 7:51–54.

Samsung says, "the legal question of antecedent basis can be resolved by this Court in Samsung's favor without construing the claim term." Response at 13. Samsung does not want the term construed because it is Samsung's only serious non-infringement defense. To be clear, Evolved does not believe that the terms need explicit constructions, either (which is why it has

argued "plain and ordinary meaning"), but requests that the Court clarify that Samsung's position is incorrect. *See, e.g.*, *Rfcyber Corp. v. Google LLC*, Civ. No. 2:20-CV-00274-JRG, 2021 U.S. Dist. LEXIS 222160, at *31, *36, *57 (E.D. Tex. Nov. 17, 2021) (finding no further construction necessary where the District Court rejects a party's construction) (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010); *ActiveVideo Networks, Inc. v. Verizon Commcn's, Inc.*, 694 F.3d 1312, 1326 (Fed. Cir. 2012); *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 977–79 (Fed. Cir. 2021)).

### iii. Samsung gives an overly strict meaning to "use."

Samsung argues that the only way something can be "used" in a random access procedure is if it is actually sent between the mobile terminal and the base station. Samsung claims that Dr. Laneman argues that the index / information related to a preamble does not have to be used in the RACH procedure. That argument misconstrues what he says. Dr. Laneman opines (with heavy emphasis on the specification) that a POSITA would understand that "use" of the information includes use of that information to find or generate the dedicated preamble. *See* Opening Brief at 19–26; Exhibit 3 at ¶¶ 154–56, 170–77, 299–300, 302–05, 452, 457.

### b. Term 3: whether the preamble in the '326 Patent is "dedicated"

Regarding the final term, Samsung narrows the dispute and says Evolved is only arguing about what "preamble" is. That ignores most of the claim language at issue. The full phrase in the claims of the '326 Patent is "information related to a preamble for the terminal previously defined in a handover confirm message sent from the target base station to the source base station." By specifying that the preamble is "for the terminal" and that the "information related to [the] preamble" is previously defined in a handover confirm message sent from the target base station

to the source base station, a POSITA would understand that the preamble is reserved for the particular terminal so the target base station can identify it when it connects during handover.

Samsung argues that there was no disavowal because the cited statements from the prosecution history relate to the parent applications and because the claim language was different. However, there is no reasonable argument that the patentee did not focus on the device-specific nature of a preamble in prosecution, as discussed in Evolved's Opening Brief. Statements made during prosecution of a parent are relevant to claim construction of a child patent. *See, e.g.*, *Jonsson v. Stanley Works*, 903 F.2d 812, 818 (Fed. Cir. 1990) (affirming claim construction relying on "arguments and remarks" made during the prosecution of a parent application for claim terms in a child patent despite recognizing the claims used different language).

Samsung incorrectly claims that Evolved is trying to narrow the claims to an embodiment in the specification. As stated above, the central feature of the patented solution is the use of a dedicated preamble in a contention-free random-access procedure. Construing the claims to eliminate this feature would undermine the purpose of the invention and effectively render the patented solution meaningless.

### IV.   CONCLUSION

For the foregoing reasons, as well as those stated in its Opening Brief, Evolved respectfully requests that this Court enter a Claim Construction Order adopting Plaintiff's constructions.

Dated: March 21, 2023                                    Respectfully submitted,

 

_____
**ANDREW J. WRIGHT**
State Bar No. 24063927
**ANTHONY K. BRUSTER**
State Bar No. 24036280
**SHAWN A. LATCHFORD**
State Bar No. 24066603
**BRUSTER PLLC**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
817.601.9564 (telephone)
817.296.2929 (facsimile)
akbruster@brusterpllc.com
shawn@brusterpllc.com
andrew@brusterpllc.com


**BARRY J. BUMGARDNER**
State Bar No. 00793424
**BARRY BUMGARDNER LAW, PLLC**
1000 Wade Avenue
Nashville, Tennessee 37203
512.228.8562 (telephone)
barry@texbums.com


**COUNSEL FOR PLAINTIFF
EVOLVED WIRELESS LLC**