# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **Evolved Wireless, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | **Civil Action No. 2:21-CV-00033** |
| | § | |
| **v.** | § | |
| | § | |
| | § | **Jury Trial Demanded** |
| **Samsung Electronics Co., Ltd., and** | § | |
| **Samsung Electronics America, Inc.,** | § | **FILED UNDER SEAL** |
| | § | |
| *Defendants*. | § | |
| | § | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING INVALIDITY DUE TO ALLEGED IMPROPER INVENTORSHIP UNDER 35 U.S.C. § 102(f)

## I. INTRODUCTION

Plaintiff Evolved Wireless LLC ("Evolved") respectfully files this Motion for Summary Judgment Regarding Invalidity Due to Alleged Improper Inventorship Under 35 U.S.C. § 102(f). Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. ("Samsung") contend that asserted United States Patent No. RE46,679 ("the '679 Patent") is invalid due to improper inventorship for allegedly failing to include unnamed inventors. To prove the '679 Patent names incorrect inventors, Samsung must establish by clear and convincing evidence that someone *other than* the named inventors contributed to the claimed inventions. Samsung cannot meet this heavy burden.

Samsung first raised this issue during the previously co-pending ITC Investigation, styled *In the Matter of Certain LTE-Compliant Cellular Communication Devices*, Inv. No. 337-TA-1253 (the "ITC Investigation"). Samsung never seriously pursued this defense in the ITC Investigation. What started as a vague theory based on attorney argument ended the same way. No relevant discovery was taken (or even sought) of individuals Samsung thought might have helped conceive of the claimed inventions. By the time expert reports were issued, Samsung's technical expert essentially parroted Samsung's attorney argument. No putative inventor was ever identified, much less proven by clear and convincing evidence to have contributed to the claims.

This defense has fared no better in the District Court. In the nearly two years since expert reports were served in the ITC Investigation, Samsung has still not taken discovery of any individual it believes should have been named an inventor—or even any company where it believes such an inventor may have been employed. Samsung's corporate representative on the topic confirmed under oath that Samsung has no facts to support this defense. Indeed, Samsung's new technical expert essentially copied and pasted the attorney argument from the report issued by the technical expert in the ITC Investigation.

Inventorship has never been a serious defense for Samsung. The time to dispose of this defense is now. There are no material facts in dispute, as Samsung has failed to name any individual who it contends was omitted as an inventor, much less establish that individual's contribution or support its allegations with corroborating evidence. Because no genuine issue of material fact is disputed, Evolved is entitled to summary judgment on Samsung's improper inventorship defense.

## II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.     Can Samsung establish a genuine issue of material fact regarding whether unnamed individuals from ZTE, Samsung, or other entities are improperly omitted as named inventors on the '679 Patent?

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

In support of this Motion, Evolved presents the following statement of undisputed material facts:

1.     LG Electronics ("LGE") filed Korean Application No. 10-2006-0063135 (the "Korean Application") on July 5, 2006. *See* Exhibit 1, Korean Application at (22).

2.     The '679 Patent claims priority to the Korean Application. *See* Exhibit 2, '679 Patent at (30).

3.     Both the Korean Application and the '679 Patent name Sung Jun Park, Young Dae Lee, Sung Duck Chun, and Myung Cheul Jung as inventors. *See* Exhibit 2, '679 Patent at (72); Exhibit 1, Korean Application at (72).

4.     ZTE submitted a document titled "non-contention based handover procedure on RACH channel," numbered R2-062809 ("ZTE Proposal") at the TSG-RAN Working Group 2 meeting #55 in Seoul, Korea, dated October 9–13, 2006. *See* Exhibit 3, ZTE Proposal.

5.     The ZTE proposal does not include the name of a single individual as an author or contributor. *See generally*, Exhibit 3, ZTE Proposal.

6.     Samsung alleges the '679 Patent is invalid under 35 U.S.C. § 102(f) for improperly omitting inventors from ZTE, Samsung, or other entities. *See* Exhibit 4, Samsung's Invalidity Contentions at 124–31.

7.     Samsung has never identified any individual from ZTE, Samsung, or any other entity who it contends should be a named inventor on the '679 Patent.

8.     Samsung has never taken discovery of LGE in support of this defense.

9.     Samsung has never taken discovery of ZTE or any other third party in support of this defense.

10.    Samsung has never identified any of its own employees it contends were improperly omitted as named inventors on the '679 Patent.

11.    Byung Gun Min, Samsung's designated 30(b)(6) witness on this topic, testified that Samsung had no facts to offer in support of this defense. *See* Exhibit 5, Byung Gun Min Depo. Tr. at 31:12–16 (Apr. 28, 2023)

12.    Samsung has never asserted that the ZTE Proposal anticipates or renders obvious (either alone or in combination with any other reference) any claim of the '679 Patent.

## IV.    LEGAL STANDARDS

### a.    Summary Judgment

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### b.    Improper Inventorship

A patent must list the correct inventors of the claimed inventions. *See* 35 U.S.C. § 102(f);

*Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998). Joint inventors must jointly apply for a patent, even if they do not contribute to every claim or do not make the same type or amount of contribution. *See* 35 U.S.C. § 116; *Gemstar-TV Guide Int'l, Inc. v. ITC*, 383 F.3d 1352, 1381 (Fed. Cir. 2004).

"[T]o be a joint inventor, an individual must make a contribution to the conception of the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention." *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997). A contribution must be more than the prior art and more than an exercise of ordinary skill in the art. *See Ethicon v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). "[T]he critical question for joint conception is who conceived, as that term is used in the patent law, the subject matter of the claims at issue." *Id.*; *see also Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993) ("[I]nventorship is a question of who actually invented the subject matter claimed in a patent."). Inventorship is determined on a claim-by-claim basis. *See Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1302 (Fed. Cir. 2002); *Gemstar*, 383 F.3d at 1381.

The improper inventorship analysis has two steps: (1) the disputed terms of the claims are construed to define the scope of the claims; and (2) the putative inventor's contributions are compared to the properly construed claims. *See Gemstar*, 383 F.3d at 1381–82; *Trovan*, 299 F.3d at 1302.

Because patents are presumed valid under 35 U.S.C. § 282, they are presumed to name the true and only inventors. *See Gemstar*, 383 F.3d at 1391; *Ethicon*, 135 F.3d at 1460. Accordingly, a putative inventor's contribution to a claimed invention in an issued patent must be proven by clear and convincing evidence. *See Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1295 (Fed. Cir. 2008); *see also Hess*, 106 F.3d at 980 ("The burden of showing misjoinder or

nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence.") (quoting *Garrett Corp. v. United States*, 422 F.2d 874, 880 (Ct. Cl. 1970)).

Even a putative inventor's direct testimony about his or her alleged contribution cannot by itself satisfy the clear and convincing burden. *See Symantec*, 522 F.3d at 1295. Rather, a putative inventor's testimony must be sufficiently corroborated with independent evidence. *See id.*; *Gemstar*, 383 F.3d at 1382; *Ethicon*, 135 F.3d at 1461. "Moreover, the need for corroboration exists regardless [of] whether the party testifying concerning the invalidating activity is interested in the outcome of the litigation (e.g., because that party is the accused infringer) or is uninterested but testifying on behalf of an interested party." *Finnegan Corp v. ITC*, 180 F.3d 1354, 1367 (Fed. Cir. 1999).

## V.     ARGUMENT

This Court should grant summary judgment on the narrow issue of alleged improper inventorship under 35 U.S.C. § 102(f) because Samsung cannot carry its clear and convincing burden of overcoming the presumption that the '679 Patent names the correct inventors. The clear and convincing burden to prove conception by someone other than the named inventors requires Samsung to establish that a putative inventor contributed to the conception of the claimed inventions. *See Gemstar*, 383 F.3d at 1381. This burden requires, as a threshold matter, that Samsung set forth evidence of credible, corroborated testimony by a putative inventor regarding his or her contribution to the claimed subject matter. *See Gen. Elec. Co. v. Wilkins*, 750 F.3d 1324, 1330 (Fed. Cir. 2014) (holding that a putative inventor "did not prove his inventorship claim by clear and convincing evidence because he did not present any credible testimony that could be corroborated"). In *General Electric*, an actual putative inventor provided testimony that he was an omitted co-inventor, but the court found his testimony was not credible even before considering any corroborating evidence. *See id.* at 1327–30. Samsung fails to proffer any such evidence.

### a. Samsung asserts a generic inventorship defense.

Samsung contends that **if the '679 Patent is standard essential** and **if it is infringed** by Samsung's accused products, then unnamed employees of ZTE, Samsung, and/or other unnamed entities should have been named as co-inventors on LGE's patent applications.[1] *See* Exhibit 4, Samsung's Invalidity Contentions at 124–31. Samsung relies on the ZTE Proposal to show alleged conception by someone other than the named inventors but does not identify any individuals or even identify the claim elements these unnamed putative inventors allegedly contributed to. In fact, the ZTE proposal itself does not even name any individuals as authors or contributors.[2]

The crux of Samsung's allegation is a comparison of the ZTE Proposal to an LGE Proposal dated May 2006. *See* Exhibit 4, Samsung's Invalidity Contentions at 126. Because the ZTE Proposal discusses "contention free versus contention-based handover" while the LGE Proposal does not, Samsung argues that unnamed individuals from ZTE must be the correct named inventors. This argument is a red herring, as Evolved relies on the Korean Application (ignored in Samsung's arguments) and not the LGE Proposal to show its earlier conception date. The Korean Application was filed shortly after the LGE Proposal but months before the ZTE Proposal.

Samsung's expert, Dr. Mahon, offers nothing of substance beyond the conclusory attorney argument disclosed in Samsung's Invalidity Contentions. In fact, other than a few minor changes (such as deleting reference to the '326 Patent), the entire section of Dr. Mahon's report addressing alleged improper inventorship is copied and pasted from Samsung's invalidity expert report from the ITC (where Samsung relied on a different technical expert). *Compare* Exhibit 6, Mahon Report

---

[1] Whether the '679 Patent is standard essential or infringed is not relevant to the determination of inventorship—and Samsung has not identified any legal authority holding otherwise.
[2] Even if the ZTE Proposal included the names of individuals, there is no evidence that such names would correspond to the individuals who allegedly conceived of the ideas set forth in the document—as opposed to project managers, 3GPP liaisons, company executives, or others.

at ¶¶ 790–804, *with* Exhibit 7, Shoemake Report at ¶¶ 797–809. Dr. Mahon even maintains Dr. Shoemake's citations to the Original Complaint from the ITC—including passages that were not included in the Original or Amended Complaint in this case.

        **b.**       **There is no evidence that could satisfy Samsung's clear and convincing burden.**

Samsung's contention of improper inventorship is without merit. Samsung cannot establish by clear and convincing evidence that any particular individual—other than the inventors currently named on the '679 Patent—contributed to the conception of the claimed inventions.

Samsung has not set forth competent evidence of **<u>any kind</u>** from a putative inventor—credible or otherwise. In fact, Samsung has not even named a putative inventor. Simply put, there is a complete lack of evidence on this element of Samsung's invalidity case. Improper inventorship usually arises in the context of inequitable conduct allegations—a defense Samsung has not even pled in this case. In that context, courts have dismissed improper inventorship allegations at the outset for failing to identify an alleged inventor by name. *See, e.g.*, *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616, 2014 U.S. Dist. LEXIS 7929, *24 (N.D. Cal. Jan. 22, 2014) (dismissing inequitable conduct counterclaims based on alleged improper inventorship, finding that "[i]n the absence of allegations identifying the specific individual or individuals who allegedly co-invented the claimed invention and setting forth specific facts showing how each of these individuals contributed to the conception of a particular claim or claims, [the counterclaim plaintiff's] inequitable conduct allegation based on this theory is insufficient as a matter of law").

Samsung's identification of entities such as ZTE or Samsung is insufficient as a matter of law. The Federal Circuit has made clear that "inventors must be ***natural persons*** and cannot be corporations or sovereigns." *Univ. of Utah v. Max-Planck-Gesellschaft zur Forderung der Wissenschaften E.V.*, 734 F.3d 1315, 1323 (Fed. Cir. 2013) (emphasis added); *see also Beech*

*Aircraft*, 990 F.2d at 1248 ("[O]nly natural persons can be 'inventors.'"); *Thaler v. Vidal*, 43 F.4th 1207, 1212 (Fed. Cir. 2022) ("[A]n 'inventor' must be a human being."). Samsung has never identified a single individual it contends should be a named inventor on the '679 Patent, much less set forth evidence of credible testimony from any individual about his or her contributions to the asserted claims. Samsung itself testified under oath (via 30(b)(6) deposition) that it was unaware of any individual who had any knowledge regarding omitted inventors on the '679 Patent:

> Q. You're not aware of any Samsung employees or third-party witnesses who have information about omitted names of inventors of either of the patents in this case?
>
> A. I'm not aware.

Exhibit 5, Byung Gun Min Depo. Tr. at 31:12–16 (Apr. 28, 2023).

The **<u>only</u>** testimony offered in support of Samsung's improper inventorship allegation is that of its validity expert, Dr. Mahon. But Dr. Mahon's report does not provide any information beyond Samsung's threadbare and conclusory attorney argument set forth in its invalidity contentions. Dr. Mahon confirmed at his deposition that (1) his report did not identify any individual he contended should be a named inventor on the '679 Patent, (2) he was not aware of any individual who should be a named inventor on the '679 Patent, (3) he did not speak to anyone at ZTE about who should be a named inventor on the '679 Patent, (4) he did not speak to anyone at Samsung about who should be a named inventor on the '679 Patent, and (5) the entirety of his opinion regarding alleged improper inventorship was contained in paragraphs 790–804 of his report. *See* Exhibit 8, Mahon Depo. Tr. at 125:3–127:21 (Jul. 5, 2023). Point (3) above is particularly telling here, as it is Samsung who retained Dr. Mahon as its technical expert in this case. Despite contending that individuals from Samsung actually conceived of the inventions claimed in the '679 Patent, Dr. Mahon did not confer with anyone at Samsung to determine who those individuals were.

## VI. CONCLUSION

Samsung lacks any credible evidence of improper inventorship, which is fatal to Samsung's improper inventorship defense. No jury could find that the '679 Patent omits any inventor based on the evidence in this case. Evolved is therefore entitled to summary judgment on Samsung's defense and respectfully requests that this Court grant its Motion for Summary Judgment dismissing Samsung's claim that the '679 Patent is invalid under 35 U.S.C. § 102(f).

A proposed Order is attached.

Dated: July 17, 2023

Respectfully submitted,

**ANDREW J. WRIGHT**
State Bar No. 24063927
**ANTHONY K. BRUSTER**
State Bar No. 24036280
**SHAWN A. LATCHFORD**
State Bar No. 24066603
**EDWARD K. CHIN**
State Bar No. 50511688
**BRUSTER PLLC**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
817.601.9564 (telephone)
817.296.2929 (facsimile)
akbruster@brusterpllc.com
shawn@brusterpllc.com
andrew@brusterpllc.com

**BARRY J. BUMGARDNER**
State Bar No. 00793424
**BARRY BUMGARDNER LAW, PLLC**
1000 Wade Avenue
Nashville, Tennessee 37203
512.228.8562 (telephone)

barry@texbums.com

**COUNSEL FOR PLAINTIFF**
**EVOLVED WIRELESS LLC**