# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Evolved Wireless, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 2:21-CV-00033 |
| | § | |
| v. | § | |
| | § | |
| | § | **Jury Trial Demanded** |
| Samsung Electronics Co., Ltd., and | § | |
| Samsung Electronics America, Inc., | § | **FILED UNDER SEAL** |
| | § | |
| *Defendants*. | § | |
| | § | |

---

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING WANG'S ENTITLEMENT TO CLAIM PRIORITY TO THE WANG PROVISIONAL

---

## I. INTRODUCTION

Plaintiff Evolved Wireless LLC ("Evolved") respectfully files this Motion for Partial Summary Judgment that U.S. Patent No. 8,131,295 ("Wang"), an alleged prior art reference relied upon by Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") is not entitled to its provisional filing date for purposes of qualifying as prior art against asserted United States Patent No. RE46,679 (the "'679 Patent") in this case. Wang, which was filed on June 19, 2007, claims priority to United States Provisional Patent Application No. 60/815,023, filed on June 20, 2006 ("Wang Provisional").

To prove that Wang is entitled to claim priority to the Wang Provisional for purposes of qualifying as prior art to the '679 Patent, Samsung must satisfy the two-part test set forth in *Dynamic Drinkware*. However, Samsung's expert only addresses the first half of the *Dynamic Drinkware* test, ignoring the second half altogether. Accordingly, Samsung cannot establish by clear and convincing evidence that Wang is entitled to claim priority to the Wang Provisional for prior art purposes.

This Motion is narrow in scope. To be clear, Evolved is <u>not</u> seeking a summary judgment finding that Wang itself is not prior art, nor is Evolved seeking a ruling that the '679 Patent is entitled to any particular claimed priority date. Evolved believes those issues involve genuine disputes of material fact that would preclude summary judgment. However, this Court can resolve Wang's entitlement (or lack thereof) to the priority date of the Wang Provisional because Samsung has not put forth sufficient evidence to establish that underlying factual matter by clear and convincing evidence.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether Samsung can establish a genuine issue of material fact regarding whether Wang is entitled to claim priority to the Wang Provisional for purposes of qualifying as prior art to the '679 Patent?

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

In support of this Motion, Evolved presents the following statement of undisputed material facts:

1.   The Wang Provisional was filed on June 20, 2006. *See* Exhibit 1, Wang Provisional at 1.

2.   LGE filed Korean Application No. 10-2006-0063135 (the "Korean Application") on July 5, 2006. *See* Exhibit 2, Korean Application at (22).

3.   Wang was filed on June 19, 2007. *See* Exhibit 3, Wang at (22).

4.   Dr. Mark Mahon, Samsung's invalidity expert, set forth his opinion that Wang is entitled to claim priority to the Wang Provisional in paragraphs 278–80 of his invalidity report. *See* Exhibit 4, Mahon Report at ¶¶ 278–80.

## IV.   LEGAL STANDARDS

### a.   Summary Judgment

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties sill not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### b. Priority Date for Qualifying Prior Art

A United States patent may qualify as prior art as of the date of the application to which it claims priority. However, for the patent to serve as prior art, the party offering the reference must make two showings: (1) that at least one claim of the patent is supported by the provisional application, and (2) that the portions relied upon to anticipate or render obvious the patent-at-issue were included in the priority application. *Dynamic Drinkware v. Nat'l Graphics*, 800 F.3d 1375, 1378–79, 1383 (Fed. Cir. 2009). "An applicant is not entitled to a patent if another's patent discloses the same invention which was carried forward from an earlier U.S. provisional application or U.S. non-provisional application." *In re Giacomini*, 612 F.3d 1380, 1383 (Fed. Cir. 2010). The second prong of the *Dynamic Drinkware* analysis is a critical part of the test. *See Ex Parte Mann et al.*, Appeal 2015-003571, 2016 Pat. App. LEXIS 12592, at *11 (PTAB Dec. 23, 2016) (affirming the application of *In re Giacomini*, stating that a "provisional application must also provide support for the subject matter relied upon in the rejection").

### V. ARGUMENT

This Court should grant summary judgment on the narrow issue of Wang's entitlement to claim priority to the Wang Provisional because Samsung cannot show evidence supporting the second prong of the *Dynamic Drinkware* analysis.

### a. Summary of Samsung's Allegations

Samsung's expert, Dr. Mahon, opines that Wang is entitled to claim priority to the Wang Provisional. However, his analysis involves only the first half of the required *Dynamic Drinkware* analysis. In his expert report on invalidity, Dr. Mahon recites his understanding of the legal standard that applies to Wang's alleged entitlement to the Wang Provisional's filing date:

> I have been asked to analyze Wang and the Wang provisional, to which Wang claims priority, and consider whether the Wang provisional's disclosure describes the claims of Wang sufficient to enable ordinarily [sic] POSITAs to practice those

claims. In my opinion, for the reasons provided below, the Wang provisional sufficiently describes the claims of Wang. **<u>Therefore, I understand that Wang is entitled to use the Wang provisional's filing date of June 20, 2006 for purposes of qualifying as prior art.</u>**

Exhibit 4, Mahon Report at ¶ 270 (emphasis added).

I further understand that even if the earliest possible priority date that the asserted claims are entitled is July 5, 2006—the filing date of the Korean Application, and the priority date according to Evolved—Wang still qualifies as prior art against the '679 patent under at least 35 U.S.C. § 102(e) (pre-AIA). **<u>This is because the Wang provisional was filed on June 20, 2006 and the Wang provisional sufficiently describes at least one claim of Wang, as detailed below.</u>**

Exhibit 4, Mahon Report at ¶ 271 (emphasis added).

I understand and have been informed that a patent may claim priority from the filing date of its provisional application if the specification of the provisional application contains a written description of the inventions as claimed in the issued patent, and the manner and process of making and using those claimed inventions are sufficient to enable one of ordinary skill in the art to practice those claimed inventions.

Exhibit 4, Mahon Report at ¶ 278.

I have been asked to analyze Wang and the Wang provisional, to which Wang claims priority, and consider whether the Wang provisional's disclosure describes the claims of Wang sufficient to enable ordinarily [sic] POSITAs to practice those claims. In my opinion, for the reasons below, the Wang provisional describes the claims of Wang.

Exhibit 4, Mahon Report at ¶ 279.

The above passages represent the entirety of Dr. Mahon's recitation of the legal standards he applied when determining whether Wang is entitled to the filing date of the Wang Provisional for purposes of qualifying as prior art. He confirmed as much during his deposition. *See* Exhibit 5, Mahon Depo. Tr. at 84:16–89:9 (Jul. 5, 2023).

The actual substance of Dr. Mahon's analysis consists of a claim chart comparing the claims of Wang to alleged support from the Wang Provisional. *See* Exhibit 4, Mahon Report at ¶ 280. Dr. Mahon confirmed at his deposition that paragraphs 278–80 contained the entirety of his

opinion regarding Wang's alleged entitlement to the Wang Provisional filing date. *See* Exhibit 5, Mahon Depo. Tr. at 88:20–89:9 (Jul. 5, 2023).

### b. Samsung Cannot Meet its Clear and Convincing Burden

Because Wang's status as prior art is an underlying factual consideration in Samsung's invalidity defense, it must be established by clear and convincing evidence. And because Wang's alleged entitlement to the priority date of the Wang Provisional is a subsidiary factual determination in its status as prior art, that, too, must be established by clear and convincing evidence.

Here, Samsung and Dr. Mahon have not even acknowledged the second part of the *Dynamic Drinkware* analysis, much less carried their clear and convincing burden to establish it. As just one example of Dr. Mahon's missing analysis on the second prong of the *Dynamic Drinkware* analysis, Claim 1 of the '679 Patent includes the limitation "receiving in a terminal from a network, preamble information generated by the network." *See* Exhibit 6, '679 Patent at Claim 1. Similarly, Claim 6 includes the limitation "receive, from a network, preamble information generated by the network." *See id.* at Claim 6. In his substantive analysis of alleged anticipation, Dr. Mahon cites Wang at 3:7–11, 3:12–15, 3:26–41, 3:42–55, 4:52–54, 4:64–5:1, and Figure 2. *See* Exhibit 4, Mahon Report at ¶¶ 370–76, 411. However, Dr. Mahon has not established (or even alleged) that the Wang Provisional discloses the elements of the '679 Patent recited above or that it even discloses the portions of Wang that he relies on with respect to these elements. In short, while Dr. Mahon at least put forth an opinion regarding how the Wang Provisional supports the <u>claims</u> of Wang, he made no effort whatsoever to offer support for the portions of the Wang <u>specification</u> that he relies on in his invalidity analysis.

Dr. Mahon confirmed at his deposition that he had no other opinions beyond what were stated in his report. *See* Exhibit 5, Mahon Depo. Tr. at 23:22–25:16 (Jul. 5, 2023). Thus, he may

not supplement his opinion and complete the required *Dynamic Drinkware* analysis at trial in this case. Accordingly, no reasonable jury could find in Samsung's favor on this narrow issue, and summary judgment is appropriate.

### c. Samsung's Expected Response

Samsung will likely respond that Evolved already sought summary judgment on this issue in Delaware and that it was denied. It is true that Evolved filed a motion for summary judgment regarding Wang during a previous action between the parties, *Evolved Wireless v. Samsung Electronics Co., Ltd., et al.*, No. 1:15-CV-00545 (D. Del.). The situation there was different. There, Evolved sought summary judgment that Wang was not prior art and that it did not anticipate the claims of the patent that was asserted, which was the parent of the '679 Patent. Here, Evolved's requested relief is much narrower. Specifically, Evolved seeks an order finding that Samsung has failed to carry its burden of proving that Wang is entitled to the filing date of the Wang Provisional for purposes of qualifying as prior art—and no more.

## VI. CONCLUSION

For the foregoing reasons, Evolved respectfully requests that this Court grant its Motion for Partial Summary Judgment that Wang is not entitled to claim priority to the Wang Provisional for purposes of qualifying as prior art to the '679 Patent.

A Proposed Order is attached.

Dated: July 17, 2023

Respectfully submitted,

_____
**ANDREW J. WRIGHT**
State Bar No. 24063927

**ANTHONY K. BRUSTER**
State Bar No. 24036280
**SHAWN A. LATCHFORD**
State Bar No. 24066603
**EDWARD K. CHIN**
State Bar No. 50511688
**BRUSTER PLLC**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
817.601.9564 (telephone)
817.296.2929 (facsimile)
akbruster@brusterpllc.com
shawn@brusterpllc.com
andrew@brusterpllc.com


**BARRY J. BUMGARDNER**
State Bar No. 00793424
**BARRY BUMGARDNER LAW, PLLC**
1000 Wade Avenue
Nashville, Tennessee 37203
512.228.8562 (telephone)
barry@texbums.com


**COUNSEL FOR PLAINTIFF**
**EVOLVED WIRELESS LLC**