# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **Evolved Wireless, LLC,** | § § | |
| *Plaintiff*, | § § | **Civil Action No. 2:21-CV-00033** |
| **v.** | § § § | |
| | § | **Jury Trial Demanded** |
| **Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.,** | § § § | |
| | § | ██████████████ |
| *Defendants*. | § § § | |

---

## PLAINTIFF EVOLVED WIRELESS'S MOTION FOR SUMMARY JUDGMENT ON SAMSUNG'S FRAND-RELATED COUNTERCLAIMS AND RELATED AFFIRMATIVE DEFENSE

---



████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................i

I.      INTRODUCTION ............................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS........................................1

III.    STATEMENT OF THE ISSUE .......................................................................2

IV.     STATEMENT OF THE UNDISPUTED MATERIAL FACTS ......................2

V.      LEGAL STANDARDS....................................................................................8

VI.     ARGUMENT .................................................................................................10

        This Court should grant summary judgment to Evolved on Samsung's FRAND-related counterclaims and related affirmative defense because Samsung cannot establish any legally cognizable damages resulting from Evolved's alleged breach of its FRAND obligations.

VII.    CONCLUSION ..............................................................................................15

████████████████████

## TABLE OF AUTHORITIES

**Cases**

*Acorn Semi, LLC v. Samsung Elecs. Co., Ltd.,*
  Civ. No. 2:19-CV-00347, 2021 U.S. Dist. LEXIS 225373 (E.D. Tex. April 29, 2021) ..13

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ..........................................................9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)......................................................9

*Beard v. Banks*, 548 U.S. 521 (2006) ................................................................................9

*Holmes v. Tex. Coll.*,
  No. 6:18-cv-00495, 2019 U.S. Dist. LEXIS 196240 (E.D. Tex. Nov. 12, 2019)..............13

*Lester v. Wells Fargo Bank, N.A.*, 805 Fed. Appx. 288 (5th Cir. 2020) ........................14

*McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*,
  138 S.W.3d 24, 27 (Tex.App.-San Antonio 2004, no pet ..................................................10

*Resolution Tr. Corp. v. So. Union Co.*, 985 F.2d 196 (5th Cir. 1993) ...........................12

*Smith v. Ins. Adjusters Grp., LLC*,
  No. 2:21-cv-00068-JRG-RSP, 2021 U.S. Dist. LEXIS 148953
  (E.D. Tex. Jul. 13, 2021) ..................................................................................................10

*Synqor, Inc. v. Vicor Corp.*,
  No. 2:12-CV-287-RWS-JBB, 2022 U.S. Dist. LEXIS 183808
  (E.D. Tex. Sep. 26, 2022). ..................................................................................................9

**Rules**

Fed. R. Civ. P. 37.................................................................................................................13

Fed. R. Civ. P. 56.................................................................................................................9

## I.  INTRODUCTION

Plaintiff Evolved Wireless LLC ("Evolved") respectfully requests that the Court grant summary judgment on Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") FRAND-related counterclaims and affirmative defense alleging that Evolved breached a contractual obligation to offer to license Evolved's asserted patent on fair, reasonable, and non-discriminatory ("FRAND") terms. Specifically, Evolved requests summary judgment on (a) Samsung's Second Counterclaim: Breach of Contract – FRAND; (b) Third Counterclaim: Breach of Obligation to Negotiate in Good Faith; and (c) Ninth Affirmative Defense: Non-Compliance with SSO Rules and Breach of FRAND Obligations.

Evolved is entitled to summary judgment because Samsung has failed to prove that Evolved's alleged breach caused any damages. Proof of legally cognizable damages caused by Evolved's conduct is an essential element of any claim for breach of contract. Samsung failed to disclose any evidence sufficient to raise a genuine issue of material fact that it suffered legally cognizable damages because of Evolved's alleged breach of its FRAND obligation. Thus, Evolved is entitled to summary judgment on Samsung's FRAND-related counterclaims and affirmative defense.

## II.  NATURE AND STAGE OF THE PROCEEDINGS

On February 1, 2021, Evolved filed its Original Complaint alleging that Samsung infringed Evolved's U.S. Patent Nos. RE46,679[1] (the "'679 Patent") and RE48,326 (the "'326 Patent") relating generally to a more efficient and faster process of performing handover of a Long-Term Evolution ("LTE") cellular device from one cell tower base station to another cell tower base

---

[1] The '679 Patent, entitled "Method of Transmitting and Receiving Radio Access Information in a Wireless Mobile Communications System," issued on January 16, 2018, from Reissue Application No. 14/326,637, filed on July 9, 2014. The '679 Patent is a reissue of United States Patent No. 8,219,097 (the "'097 Patent"), which issued on July 10, 2012.

station.  Dkt. No. 1. Evolved owns these patents, and others, through a series of assignments from the original assignee LG Electronics Inc. ("LGE"), as part of an LTE standard-essential patent portfolio related to mobile telecommunications and cellular technology (the "Evolved Portfolio").

On March 10, 2021, the case was stayed pending a parallel proceeding at the International Trade Commission, styled *Certain LTE-Compliant Cellular Communication Devices,* Inv. No. 337-TA-1253. *See* Dkt. No. 14 (Mar. 10, 2021) ("ITC Investigation"). After the ITC Investigation was terminated by agreement of the Parties (effective February 22, 2022), the Parties jointly moved to lift the stay in the present case, and the Court granted the joint motion to lift the stay on May 4, 2022. Dkt. No. 19.

On May 13, 2022, Evolved filed its First Amended Complaint. Dkt. No. 24. On June 13, 2022, Samsung filed its Answer and asserted numerous counterclaims and affirmative defenses, including the FRAND-related counterclaims and affirmative defense at issue in this motion. Dkt. No. 28. On May 3, 2023, the Court granted the parties' agreed stipulation of dismissal regarding the '326 Patent, leaving the '679 Patent as the only asserted patent. The parties have since completed fact and most of the expert discovery (except that Evolved's infringement expert is being deposed on August 3, and depositions of the parties' respective experts on French law may still be scheduled).[2] The trial is scheduled to begin on October 16, 2023.

### III.    STATEMENT OF THE ISSUE

Has Samsung presented any evidence that Evolved's alleged breach of its contractual obligation under the ETSI declaration caused any cognizable injury or damages?

### IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS

In support of this Motion, Evolved presents the following undisputed material facts:

---

[2] The Parties filed a joint motion for leave to conduct these depositions after the expert discovery deadline. *See* Dkt. No. 89. It has not yet been ruled on.

1.      On June 13, 2022, Samsung filed its Answer to Evolved's First Amended Complaint and asserted numerous counterclaims and affirmative defenses, including:

- Second Counterclaim – Breach of Contract – FRAND;

- Third Counterclaim – Breach of Obligation to Negotiate in Good Faith;

- Ninth Affirmative Defense – Non-Compliance with SSO Rules and Breach of FRAND Obligations; and

*See* Defendants' Answer, Affirmative Defense, and Counterclaims, Dkt. No. 28 at pp. 19-23, 41-44-46.

2.      On February 3, 2023, Evolved served a Rule 30(b)(6) deposition notice to Samsung that included Deposition Topic No. 68:

> **Deposition Topic No. 68** – The factual and legal bases for Samsung's contentions, if any, regarding whether (a) Evolved has complied with its obligations to negotiate in good faith toward a license to the Asserted Patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions as defined by the applicable ETSI policy, or (b) Evolved has engaged in hold-up or otherwise failed to negotiate in good faith.

*See* Exh. 1, Evolved's First Rule 30(b)(6) Deposition Notice (served February 3, 2023), Topic 68 at p. 13.

3.      On April 2, 2023, Evolved served its Fourth Set of Interrogatories (Nos. 36-40) to Samsung, which included **Interrogatory No. 36**:

> Set forth in detail all factual and legal bases for Samsung's Ninth Affirmative Defense (Non-Compliance with SSO Rules and Breach of FRAND Obligations) and any contention by Samsung that Evolved has breached any of its obligations under the ETSI's IPR Policy or policy of any other standard-setting organizations, including but not limited to any alleged bases for Evolved's obligations toward Samsung. Your response should include (but is not limited to) an identification of the relevant standards and/or contractual provisions, which products of Samsung are asserted to embody the subject standard, the factual basis for any alleged breach, the amounts and calculation of (or methods for calculating) any alleged damages suffered as a result of the alleged breach, all documents and things (by production number) relating to, referring to, and/or involving the foregoing, and identity of the three individuals (other than legal counsel) knowledgeable about the factual basis for the foregoing.

███████████

*See* Exh. 2, Evolved's Fourth Set of Interrogatories (Nos. 36-40) (served April 2, 2023), Interrogatory No. 36 at p. 2.

4.      On April 18, 2023, Samsung designated Mr. Byung Gun Min, a senior manager at Samsung, to testify about Deposition Topic No. 68 from Evolved's First Rule 30(b)(6) Deposition Notice (served February 3, 2023) and served objections to the deposition notice, including Deposition Topic No. 68. *See* Exh. 3, O. Slobodyanyuk's email to A. Wright, *et al*., dated April 18, 2023. Mr. Min is the only witness Samsung designated to testify about Deposition Topic No. 68.

5.      On April 18, 2023, Samsung served its Second Supplemental Initial Disclosures:

- Regarding its "Legal Theories and Factual Bases of Samsung's Claims and Defenses," Samsung stated, "Samsung contends that Evolved has an obligation to offer a license on FRAND terms based on Evolved's claims of standards essentiality, and that Evolved has breached such obligation, and that it has breached its obligation to negotiate in good faith."

- In the "Persons having Knowledge of Relevant Facts" section, Samsung identified Mr. Byung Gun Min's connection to the case as relating to "Samsung licensing and Samsung's defense and counterclaims" and that he "has knowledge regarding Samsung's licensing negotiations with Evolved, Samsung's licensing practices and third-party licenses, and facts relevant to Samsung's defenses."

- In the "Damages Sought by the Parties" section, Samsung stated, "Samsung is entitled to recover monetary damages as a result of Evolved's breach of its FRAND obligations."

*See* Exh. 4, Samsung's Second Supplemental Initial Disclosures (served April 18, 2023), at pp. 2, 18, 26.

6.      On April 28, 2023, Evolved took Mr. Byung Gun Min's deposition. Despite Samsung designating Mr. Min, a senior manager at Samsung, as its only Rule 30(b)(6) witness to testify about Deposition Topic No. 68 and identifying him in its Initial Disclosures as having

██████████████████████████████████████████

"knowledge regarding Samsung's licensing negotiations with Evolved, Samsung's licensing practices and third-party licenses, and facts relevant to Samsung's defenses," Mr. Min did not offer any facts concerning any injury or damage, monetary or otherwise, that Samsung had allegedly incurred due to any breach of Evolved's FRAND obligations. *See* Exh. 4, at p. 18; Exh. 5, Byung Gun Min, Rule 30(b)6) Depo. Tr. (April 28, 2023) at 13:22-14:5; 23:8-24:3, 122:11-123:11. Mr. Min did not ██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████ *Id*. at 123:12-125:5. In short, Samsung's corporate representative and its only fact witness designated during discovery to have knowledge of Samsung's alleged damages did not identify any harm Samsung has incurred.

7.      Four days later, on the last day of fact discovery (May 2, 2023), Samsung served a 22-page response to Evolved's Interrogatory No. 36 concerning "Samsung's Ninth Affirmative Defense (Non-Compliance with SSO Rules and Breach of FRAND Obligations) and any contention by Samsung that Evolved has breached any of its obligations under the ETSI's IPR Policy or policy of any other standard-setting organizations, including but not limited to any alleged bases for Evolved's obligations toward Samsung." *See* Exh. 6, Samsung's Objections and Response to Evolved's Second [sic] Set of Interrogatories (Nos. 36-40), Response to Interrogatory No. 36 at pp. 1-24.

The factual allegations in Samsung's unverified interrogatory response concerning any alleged injury and/or damages incurred by Samsung due to Evolved's alleged breach of its FRAND obligations exceeded the factual testimony of its designated 30(b)(6) witness on the topic, Mr. Byung Gun Min. For example, Samsung stated, "On the eve of the ITC trial, ████████████

██████████████████████████████████████████

████████████████████████████████ [Evolved] withdrew its ITC complaint and elected to start again in this Court;" and tied that allegation of damages to its FRAND-related counterclaim and affirmative defense as follows: "Such behavior cannot be condoned, and certainly does not comply with Evolved's FRAND obligation. These facts thus support both Samsung's Ninth Affirmative Defense (Non-Compliance with SSO Rules and Breach of FRAND Obligations) and Second Counterclaim (Breach of Contract – FRAND)." *Id*. at p. 24 (emphasis added). In its response, Samsung also cited documents that allegedly support its contentions:

> As discussed above, Samsung was forced to spend millions of dollars defending itself against a series of lawsuits that Evolved should never have brought, and was thus plainly damaged by Evolved's breach of its conceded FRAND obligations. *See* SAMSUNG_EVOLVED_EDTX_939206; SAMSUNG_EVOLVED_EDTX_939224; SAMSUNG_EVOLVED_EDTX_939227; SAMSUNG_EVOLVED_EDTX_939239; SAMSUNG_EVOLVED_EDTX_939255; SAMSUNG_EVOLVED_EDTX_939269.

*Id*. at p. 24. Samsung produced these documents on April 13, 2023 (two weeks before Mr. Min's deposition). *See* Exh. 7, Samsung's document production service email (dated April 13, 2023) and SAMSUNG_EVOLVED_EDTX_93206-93972. They consist of numerous invoices from experts and consultants (*e.g.*, Analysis Group, Dr. Benjamin Goldberg, Contreras Legal Strategy LLC, Endeavour Partners, Peritum Expert Technical Consulting, Prof. Philippe Stoffel-Munck aka PSM) that Samsung retained for the ITC Investigation between June 2021 – January 2022. *Id*. The descriptions of activities in the invoices are redacted. *Id*.

When testifying as Samsung's designated 30(b)(6) witness, Mr. Min did not mention ██

██████████████████████████████████████████

████████████████████████████████ or refer to any supporting documents such as invoices, despite being asked questions that called for such testimony. Samsung never disclosed these expenses as alleged damages supporting its counterclaim and related affirmative defense until the very last day of fact discovery, after the corporate representative deposition of Mr. Min.

8.      On May 23, 2023, Samsung's damages expert, Dr. Matthew R. Lynde, Ph.D., issued an expert report supporting Samsung's FRAND-related counterclaims and affirmative defense. *See* Exh. 8, Expert Report of Matthew R. Lynde, Ph.D. (May 23, 2023) ("Lynde FRAND Report").  In his report, Dr. Lynde concluded:

> I understand that under French Law, **if** Evolved is found in breach of its FRAND obligations for pursuing an exclusion order at the ITC on FRAND-encumbered patents given the discussion above, Samsung may be entitled to damages and that those damages may include expert fees and expenses Samsung incurred in defending itself at the ITC. Schedule 2 provides a summary of these expenses, which total around ███████ for the ITC matter.

*Id*. at p. 27 (emphasis added), at Schedule 2 - Samsung ITC Litigation Expert Expenses. The Schedule 2 expenses, totaling around ███████, are based on the same invoices from the experts and consultants (*e.g.*, Analysis Group, Dr. Benjamin Goldberg, Contreras Legal Strategy LLC, Endeavour Partners, Peritum Expert Technical Consulting, Prof. Philippe Stoffel Munck aka PSM) cited by Samsung in its Response to Evolved's Interrogatory No. 36 discussed in paragraph 7 above.

9.      On June 29, 2023, Evolved took Dr. Lynde's deposition wherein he testified that:

- He does not have any opinion about whether Evolved actually breached the FRAND obligations with which it is required to comply under ETSI or French law.

- Dr. Lynde does not know what Analysis Group did in the ITC Investigation for Samsung, did not analyze if any of their work was reasonable or necessary for work they did or the expenses they charged, and does not know how much (if any) of the amounts invoiced are associated with the FRAND dispute, as opposed to being associated with infringement or invalidity. He simply summed up the invoiced amounts in Schedule 2.

- Dr. Lynde does not know who Dr. Benjamin Goldberg is and does not know whether the amounts that Dr. Goldberg charged for his work were reasonable or connected to FRAND issues in any way.

- Dr. Lynde does not know what Contreras Legal Strategy did in the ITC Investigation and does not know whether any of the invoiced amounts were associated with infringement or validity or if any was associated with FRAND.

- Dr. Lynde does not know who Endeavour Partners or Peritum are, does not know what they did in the ITC Investigation, does not know whether any of their work was associated with FRAND, infringement, or invalidity, and does not know whether the amounts invoiced by them were reasonable amounts for the work they did in the ITC Investigation.

- Dr. Lynde does not know who PSM is, does not know what PSM did in the ITC Investigation, and does not know whether any of PSM's work was associated with FRAND rates, infringement, or invalidity.

*See* Exh. 9, Matthew Lynde Depo. Tr. (June 29, 2023) at 121:4-122:6, 122:20-128:8.

10.    On May 23, 2023, Samsung's French law expert, Prof. Phillipe Stoffel-Munck, issued an expert report in support of Samsung's FRAND-related counterclaims and affirmative defense, specifically as to ETSI obligations under French law. *See* Exh. 10, Expert Report of Phillipe Stoffel-Munck (May 23, 2023) ("PSM Report").  In his report, Prof. Stoffel-Munck concluded:

> 82. Therefore, in my opinion, as it was already expressed in the ITC case and as it remains, Evolved Wireless breached the FRAND commitments by which it is bound **IF** it (a) failed to negotiate in good faith with Samsung towards a license on FRAND terms, (b) sought injunctive or similar relief against Samsung while it was willing to take a License on FRAND terms, and (c) failed to take the appropriate steps to grant Samsung a license on FRAND terms.

> 106.  To conclude, **if** an IPR holder acted in breach of its obligations under an ETSI Licensing Declaration by failing to negotiate in good faith with a third-party beneficiary or by suing the later for infringement while it was willing to get a licence on FRAND terms, the compensation of the costs incurred by that third-party because of that breach, such as expert fees, are compensable under French law and may be claimed in full in a subsequent lawsuit.

*Id*. at pp. 27-28 at ¶ 82, p. 36 at ¶ 106 (emphases added). As shown by his use of "if" in these excerpts, Prof. Stoffel-Munck does not have any opinion about whether Evolved **actually** breached its FRAND obligations under ETSI or French law. And Prof. Stoffel-Munck does not have any opinion about any injury or damage that Samsung actually incurred because of Evolved's alleged failure to comply with its FRAND obligations.

11.     Neither Prof. Lynde, Prof. Stoffel-Munck, nor any of Samsung's other disclosed experts offered any opinions that Evolved actually breached any FRAND obligations under ETSI or French law, and neither of them issued any opinions that Samsung suffered any damage whatsoever because of Evolved's alleged failure to comply with its FRAND obligations.

## V.  LEGAL STANDARDS

"The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses." *Synqor, Inc. v. Vicor Corp.*, No. 2:12-CV-287-RWS-JBB, 2022 U.S. Dist. LEXIS 183808. at \*8 (E.D. Tex. Sep. 26, 2022). Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Summary judgment is appropriate when a party fails to show evidence sufficient to establish the existence of a single element essential to the party's case when the party bears the burden of proving that element at trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006) (citing *Celotex*, 477 U.S. at 322).

## VI. ARGUMENT

This Court should grant summary judgment to Evolved regarding Samsung's FRAND-related counterclaims and related affirmative defense because Samsung cannot prove any cognizable injury or damages caused by Evolved's alleged breach of its FRAND obligations. Proof of damages is an essential element of a breach of contract claim. Accordingly, the Court should grant Evolved's Motion for Summary Judgment as to Samsung's second counterclaim, third counterclaim, and ninth affirmative defense.

A claim for breach of contract under Texas law requires three elements: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Smith v. Ins. Adjusters Grp., LLC*, No. 2:21-cv-00068-JRG-RSP, 2021 U.S. Dist. LEXIS 148953, at *5 (E.D. Tex. Jul. 13, 2021) (quoting *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex.App.-San Antonio 2004, no pet.)).

Samsung's FRAND-related counterclaims and affirmative defense fail to raise a genuine issue of material fact as to the issue of damages because Samsung did not provide evidence that it has suffered legally cognizable damages due to Evolved's alleged breach of its FRAND obligations. As shown in the Statement of Undisputed Material Facts, Evolved served a Rule 30(b)(6) notice of deposition on Samsung on February 3, 2023, and, via Deposition Topic No. 68, sought Samsung's testimony about the bases for its contentions that Evolved failed to comply with its FRAND obligations. With nearly three months to prepare before presenting a witness on April 28, 2023, Samsung chose Mr. Byung Gun Min as its only corporate representative witness to testify about Deposition Topic No. 68.

As the crux of Samsung's counterclaims, Samsung knew that the issue of Evolved's alleged failure to comply with its FRAND obligations was important. Samsung also knew that Evolved

███████████████████████████████████████

wanted to learn about the bases for Samsung's contentions as shown by Evolved's Interrogatory No. 36, served on April 2, 2023, regarding the bases for Samsung's Ninth Affirmative Defense (Non-Compliance with SSO Rules and Breach of FRAND Obligations). On April 14, 2023, two weeks before Samsung's Rule 30(b)(6) deposition, Samsung produced numerous invoices from experts that Samsung appears to have retained for the ITC Investigation. Presumably, Samsung produced those invoices expecting to rely on them in some way to support its FRAND-related counterclaims and related affirmative defense.

Thus, it was reasonable to expect Samsung to have prepared Mr. Min to explain the bases for its contentions that Evolved failed to comply with its FRAND obligations. And, to the extent that Samsung intended to seek damages such as expert fees and other costs from the ITC Investigation or other cases, it is reasonable to have expected Samsung to have prepared Mr. Min to identify and answer questions about them and any related invoices. But none of that happened. In his testimony on behalf of Samsung, Mr. Min repeatedly failed to provide any facts concerning any damage that Samsung had allegedly incurred because of any breach of Evolved's FRAND obligations. *See* Exh. 5 at 23:8-24, 122:11-123:11. When asked about whether Samsung ████████

████████████████████████████████████████

████████████████████████████████████████ associated with Evolved's alleged breach of its FRAND obligations, Samsung's corporate representative repeatedly said, ██████████████████████████ *Id*. at 123:12-125:5. Mr. Min did not refer to any documents, such as invoices supporting Samsung's contention it had allegedly incurred any injury or damages because of any breach of Evolved's FRAND obligations.

Samsung may argue in response that the facts sought by Evolved on these issues are found in its unverified response to Interrogatory No. 36 that Samsung served on May 2, 2023 – the last

███████████████████████████████████████████

day of fact discovery. But that is no excuse for failing to prepare Mr. Min as its corporate witness to provide substantive testimony about the same subject matter. "If [a corporate representative] is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Tr. Corp. v. So. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

Samsung cannot arbitrarily decide to "punt" to a future interrogatory response instead of providing its corporate testimony via deposition on the same issues. Evolved was entitled to question Mr. Min about Samsung's knowledge and challenge his testimony and the basis for it. Evolved was not afforded the opportunity to challenge Samsung's "evidence" because it was provided via an unverified interrogatory response rather than through its sworn 30(b)(6) testimony. Samsung's service of a 22-page interrogatory response only four days after Mr. Min's deposition shows that Samsung knew **before** Mr. Min's deposition the full bases for its contentions and suggests that Samsung **chose** not to prepare him to provide substantive testimony about those bases so that it could avoid having its corporate witness be subject to in-depth adversarial questions which might lead to harmful admissions.

Through these tactics, Samsung sought, on the one hand, to avoid subjecting Mr. Min to in-depth adversarial questions under oath about these issues via his non-substantive responses (*e.g.*, ████████████████████████████ while, on the other hand, intending to rely on its yet-to-be-served 22-page unverified response to Interrogatory No. 36 so that it could argue that it made a full disclosure to Evolved. For example, Mr. Min provided no facts in his deposition about the damages that Samsung allegedly incurred due to Evolved's alleged breach, but then four days later, Samsung served its interrogatory response stating, ████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ and also stating that the damages figure and allegation are a basis for its FRAND-related counterclaim and affirmative defense: "Such behavior cannot be condoned, and certainly does not comply with Evolved's FRAND obligation. These facts thus support both Samsung's Ninth Affirmative Defense (Non-Compliance with SSO Rules and Breach of FRAND Obligations) and Second Counterclaim (Breach of Contract – FRAND)." *See* Exh. 6 at p. 24 (emphasis added).

Given Samsung's belief that being forced to ████████████████████████ was a basis for its FRAND-related counterclaim and affirmative defense, Samsung should have had Mr. Min say that in his deposition so that Evolved could challenge that basis via adversarial questioning. Samsung caused unfair prejudice to Evolved by denying it the opportunity to challenge its corporate witness during fact discovery about Samsung's bases for its FRAND-related counterclaims and affirmative defense and obtain admissions that could be used in Evolved's expert reports, dispositive motions, other pre-trial briefing and most importantly, at trial. Given an opportunity to explain, under oath, the bases for its FRAND-related counterclaims and affirmative defense, Samsung deliberately declined to do that.

Samsung should be bound by Mr. Min's testimony rather than being allowed to back-fill the gaps in his testimony via Samsung's response to Interrogatory No. 36, served on the last day of fact discovery. There should be consequences for Samsung's conduct. "The Court may issue appropriate sanctions on motion if a party's Rule 30(b)(6) witness fails to appear for a deposition." *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd.,* Civ. No. 2:19-CV-00347, 2021 U.S. Dist. LEXIS 225373 at \*3 (E.D. Tex. April 29, 2021); Fed. R. Civ. P. 37(d)(1)(A)(i). "Among the sanctions available is 'prohibiting the disobedient party from supporting or opposing designated claims or

████████████████

defenses, or from introducing designated matters in evidence.'" *Id*. (quoting Fed. R. Civ. P. 37(b)(2)(A)(ii)).

Samsung has been down this road before. In *Acorn Semi*, this Court granted in part Acorn's Motion to Strike the opening expert report of Samsung's expert because "Samsung's Rule 30(b)(6) witness, was either not prepared or refused to testify to Topic 36, the topic on non-infringing alternatives on which he was clearly designated" and found that an appropriate sanction for Samsung's Rule 30(b)(6) witness's failure to testify was to strike any opinions on non-infringing alternatives from the expert's report and exclude any testimony on the same from that expert or other Samsung witnesses. *Id*. In this case, at a minimum, Evolved urges the Court not to consider Samsung's response to Interrogatory No. 36 to the extent it goes beyond Mr. Min's testimony in deciding whether there is a genuine issue of material fact concerning whether Samsung suffered any legally cognizable damages because of Evolved's alleged breach of its FRAND obligation. However, a more appropriate sanction, particularly given Samsung's pattern of conduct before this Court, would be to strike any expert opinions and to exclude any testimony from any Samsung fact or expert witness concerning damages sought by Samsung via its FRAND-related counterclaims and related affirmative defense.

Moreover, Samsung's written statement contradicting its prior testimony cannot be used to create a genuine issue of material fact. *Holmes v. Tex. Coll.*, No. 6:18-cv-00495, 2019 U.S. Dist. LEXIS 196240, at *6 (E.D. Tex. Nov. 12, 2019) (a party cannot defeat summary judgment by submitting an affidavit "that impeaches, without explanation," his previous deposition testimony).

The opinions in the expert reports of Dr. Lynde and Prof. Stoffel-Munck also fail to raise a genuine issue of material fact because neither of them offered any opinions that Samsung suffered any damage whatsoever because of Evolved's alleged failure to comply with its FRAND

obligations. Neither Dr. Lynde, Prof. Stoffel-Munck, nor any of Samsung's other experts opined as to the existence or amount of any harm allegedly suffered by Samsung because of any alleged breach of contract by Evolved. *See generally* Ex. 8, Lynde FRAND Report; Ex. 10, Stoffel-Munck Report. As for the heavily redacted expert invoices from the ITC Investigation that Dr. Lynde discussed in his FRAND report, he did not even know what those experts did in the ITC or what part of their expenses were associated with FRAND as opposed to infringement or validity; thus, his report and opinions cannot create a genuine issue of material fact as to the existence or amount of damages incurred due to Evolved's alleged breach. *See* Exh. 9 at 121:4-122:6, 122:20-128:8; *see also Lester v. Wells Fargo Bank, N.A.*, 805 Fed. Appx. 288, 292 (5th Cir. 2020) ("ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment").

Samsung cannot prove that it suffered any legally cognizable injury or damages due to Evolved's alleged breach of its FRAND obligations. Samsung's corporate witness, Byung Gun Min, could not provide such proof. Nor could Dr. Lynde or Prof. Stoffel-Munck. Without evidence of legally cognizable damages resulting from a purported breach, Samsung's FRAND-related counterclaims and related defense fail as a matter of law. Thus, this Court should enter summary judgment against Samsung as requested.

## VII.     CONCLUSION

For the preceding reasons, Evolved respectfully requests that this Court grant its Motion for Summary Judgment in relation to Samsung's second counterclaim, third counterclaim, and ninth affirmative defense or, in the alternative, ruling that Samsung's evidence of damages, if any, relating to these counterclaims and related affirmative defense be limited to that which Mr. Min disclosed, if anything, in his April 28, 2023 deposition, and for such other relief as the Court deems just and right.

Dated: July 10, 2023.

Respectfully submitted,

*/s/ Edward Chin*

_____

**EDWARD K. CHIN**
State Bar No. 50511688
**ANDREW J. WRIGHT**
State Bar No. 24063927
**ANTHONY K. BRUSTER**
State Bar No. 24036280
**SHAWN A. LATCHFORD**
State Bar No. 24066603
**BRUSTER PLLC**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
817.601.9564 (telephone)
817.296.2929 (facsimile)
andrew@brusterpllc.com
akbruster@brusterpllc.com
ed@brusterpllc.com
shawn@brusterpllc.com

**BARRY J. BUMGARDNER**
State Bar No. 00793424
**BARRY BUMGARDNER LAW, PLLC**
1000 Wade Avenue
Nashville, Tennessee 37203
512.228.8562 (telephone)
barry@texbums.com

**COUNSEL FOR PLAINTIFF
EVOLVED WIRELESS, LLC**



## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this July 10, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

*/s/ Edward Chin*
Edward Chin