**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>      Defendants. | Civil Action No. 2-21-cv-00033<br><br><br>**JURY TRIAL DEMANDED** |

**<u>SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT
DAMAGES</u>**

████████████████████████

## TABLE OF CONTENTS

**Page**

I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................1

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ...................................................1

III.   LEGAL STANDARD..........................................................................................................5

IV.    ARGUMENT.......................................................................................................................5

      A.      Samsung Met Its Burden Under *Arctic Cat* ............................................................6

      B.      Evolved Failed As a Matter of Law to Provide Actual Notice of the Alleged Infringement........................................................................................................7

              1.      Evolved Is Collaterally Estopped From Arguing That Its May 2015 Letter Provided Actual Notice ....................................................................8

              2.      Evolved's September 2018 Letter Also Failed to Provide Actual Notice..............................................................................................11

      C.      Evolved Failed As a Matter of Law to Provide Constructive Notice of the Asserted Patents...........................................................................................12

V.     CONCLUSION..................................................................................................................15

██████████████████████████

## TABLE OF AUTHORITIES

**Page**

### Cases

*Action Ink, Inc. v. Anheuser-Busch, Inc.*,
   959 F. Supp. 2d 934 (E.D. La. 2013) ..................................................................................10

*ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012) ....................................................................................14, 15

*Amer. Medical Systems, Inc. v. Medical Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ................................................................................6, 12, 14

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) .....................................................................7, 8, 13, 15

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .............................................................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ..........................................................................................6

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
   575 U.S. 138 (2015) ......................................................................................................8, 10

*Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*,
   77 F. Supp. 3d 756 (N.D. Ill. 2015) .............................................................................11, 12

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .............................................................................................................5

*Devices for Medicine, Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987) .........................................................................................13

*ETC Sunoco Holdings, L.L.C v. United States*,
   36 F.4th 646 (5th Cir. 2022) ...............................................................................................8

*Evolved Wireless, LLC v. HTC Corp. et al.*,
   Case No. 20-1335, Dkt. 51 (Fed. Cir. May 4, 2020) ..........................................................3

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
   Case No. 15-545-JRB - SRF, Dkt. 38 (D. Del. Mar. 15, 2016) ........................................10

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
   Case No. 15-545-JRB-SRF ...................................................................................2, 3, 9, 10

*Funai Elec. Co. v. Daewoo Elecs. Corp.*,
    616 F.3d 1357 (Fed. Cir. 2010)................................................................................14

*Gart v. Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001)..................................................................................7

*Intellectual Ventures I LLC v. Toshiba Corp.*,
    66 F. Supp. 3d 495 (D. Del. 2014)...........................................................................11

*K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*,
    52 F. App'x 135 (Fed. Cir. 2002).......................................................................13, 14

*Lans v. Digital Equip. Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001)..................................................................................7

*Loral Fairchild Corp. v. Victor Co. of Japan*,
    906 F. Supp. 813 (E.D.N.Y. 1995) ..........................................................................13

*Lytle v. Household Mfg., Inc.*,
    494 U.S. 545 (1990)..................................................................................................10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)....................................................................................................5

*Motorola, Inc. v. U.S.*,
    729 F.2d 765 (Fed. Cir. 1984)....................................................................................6

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
    138 F.3d 1437 (Fed. Cir. 1998)...............................................................................6, 8

*Northbrook Digital Corp. v. Browster, Inc.*,
    No. CIV. 06-4206, 2008 WL 4104695 (D. Minn. Aug. 26, 2008) ..........................13

*Pace v. Bogalusa City Sch. Bd.*,
    403 F.3d 272 (5th Cir. 2005) (en banc) ....................................................................8

*Radware, Ltd. v. F5 Networks, Inc.*,
    No. 5:13-CV-02024-RMW, 2015 WL 7960004 (N.D. Cal. Dec. 4, 2015) ..............14

*Soverain Software LLC v. Amazon.com, Inc.*,
    383 F. Supp. 2d 904 (E.D. Tex. 2005)......................................................................13

*Toshiba Corp., v. Imation Corp.*,
    681 F.3d 1358 (Fed. Cir. 2012)...................................................................................5

## Statutes

35 U.S.C. § 287(a) ...................................................................................5, 7, 12, 14

████████████████████████████████

## **Rules**

FED. R. CIV. P. 56.................................................................................................................5

███████████████████████████████████████████████

As a matter of law, Evolved cannot recover damages from Samsung's sales prior to February 1, 2021—the date this lawsuit was filed. There is no genuine dispute of fact that Evolved failed to put Samsung on either actual or constructive notice of the asserted patent, as required to recover pre-suit damages. As to actual notice, it is undisputed that (1) prior to filing this suit Evolved sent Samsung only two letters that listed the patents Evolved claimed to own (in an appendix); (2) neither letter discussed the asserted patent in this case (or said anything about it other than listing it in an appendix with dozens of other patents); and (3) Evolved provided claim charts of some patents but *not* the asserted patent. Courts have held that a letter that lists the asserted patent in an appendix and does not otherwise discuss it fails to put the defendant on notice of the asserted patent. Indeed, in a prior lawsuit between Evolved and Samsung, the District of Delaware held that one of the same pre-suit communications at issue here was insufficient as a matter of law to put Samsung on notice, and that ruling has preclusive effect. As to constructive notice via marking, it is undisputed that (1) both LG Electronics U.S.A. ("LGE") and ███████████████████████ are licensed to practice the asserted patent, (2) both sold products during the damages period that Evolved contends practice the asserted patent, (3) ███████ ever marked its products with the asserted patent, and (4) ██████████ ███████████████████████ Based on these undisputed facts, Samsung respectfully submits that it is entitled to judgment as a matter of law that Evolved may not recover pre-suit damages.

## I.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.      Whether summary judgment should be granted in Samsung's favor on the issue of no pre-suit damages for alleged infringement of the asserted patent.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Evolved first contacted Samsung to discuss Evolved's patent portfolio on November 4, 2014. Ex. A (Resp. to RFA No. 22); Ex. B.

1

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

2.      On that date, Matthew DelGiorno (Evolved's licensing counsel) sent a letter to Samsung asserting that Evolved owned a patent portfolio that included more than 60 patents and additional applications that Mr. DelGiorno claimed were "highly relevant to current and future LTE products and services," but did not identify any of those patents.  *Id.*

3.      On May 4, 2015, Mr. DelGiorno sent another letter in which he provided Samsung for the first time with a list of about 85 patents and applications Evolved purportedly owned.  Ex. C.

4.      This May 4, 2015 letter did not identify any Samsung products or features that Evolved contended infringed any of the listed patents or even specify which patents Evolved claimed were essential to the LTE standard, instead only asserting that "the use of one or more patent claims in the portfolio is required to practice or otherwise comply with LTE standards or technical specifications" and offering to license "any obligated standards essential technology in [Evolved's] portfolio" for a rate "not to exceed 25 cents per LTE-enabled device."  *Id*.

5.      Evolved's May 4, 2015 letter did not mention U.S. Patent No. RE46,679 (the sole remaining asserted patent in this case) but did list U.S. Patent No. 8,219,097—the patent from which the '679 patent reissued—in an appendix.  *Id.*

6.      On June 25, 2015, Evolved sued Samsung (along with several other smartphone manufacturers) in the District of Delaware, alleging infringement of five of the patents listed in its May 4 letter.  *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-SLR, Dkt. 1 (D. Del. June 25, 2015).

7.      The Delaware district court held that Evolved's pre-suit communications with Samsung, including its May 4, 2015 letter, were insufficient as a matter of law to put Samsung on pre-suit notice of the asserted patents, and thus dismissed Evolved's allegations of willful

2

infringement and pre-suit indirect infringement. *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-JRB-SRF, Dkt. 38 (D. Del. Mar. 15, 2016) and 45 (Apr. 6, 2016).

8.      The Delaware court entered a final judgment in the case on January 7, 2020. *Id.*, Dkt. 491 (Jan. 7, 2020).  While Evolved appealed the final judgment on other grounds, Evolved never appealed the order dismissing its claims of willful infringement and pre-suit indirect infringement or the finding that its pre-suit communications with Samsung were insufficient as a matter of law to put Samsung on pre-suit notice of the asserted patents.  *See generally Evolved Wireless, LLC v. HTC Corp. et al.*, Case No. 20-1335, Dkt. 51 (Fed. Cir. May 4, 2020) (Evolved's brief challenging the district court's judgment on other grounds but not its finding of no pre-suit notice).

9.      On September 21, 2018, Mr. DelGiorno sent Samsung another letter that included a list of well over a hundred patents, including the '679 patent Evolved now asserts.  Ex. D.

10.     The September 2018 letter asserted that "[Evolved] believes that Samsung's LTE products, including without limitation those identified in Attachment C, practice EW's patents." *Id.*

11.     The letter did not identify which of the listed patents (let alone which claims) Evolved believed Samsung's products practice and, while it included exemplary claim charts for certain patents, did not chart the '679 patent against the LTE standard or against any Samsung products.  *Id.*

12.     Evolved's Delaware litigation campaign concluded with none of the five asserted patents being found valid and infringed. *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-JRB-SRF, Dkts. 491 (D. Del. Jan. 7, 2020) and 499 (April 14, 2021).

13.     After September 21, 2018, Mr. DelGiorno and Evolved did not contact Samsung to discuss licensing again until after filing this lawsuit on February 1, 2021.  Dkt. 1.

14.     Prior to filing this lawsuit, Evolved never provided Samsung with infringement claim charts for the '679 patent.  Ex. A (Resp. to RFA 30).

15. ██████████████████████████████████ Ex. A (Resp. to RFAs 18-20).

16. ██████████████████████████████████ Exs. A (Resp. to RFAs 33-34); E at ¶¶ 3, 5.

17. ██████████████████████████████████ Ex. ████████ E at ¶¶ 3, 5.

18. Evolved ██████████████████████████████████ Ex. A (Resp. to RFA 36).

19. Evolved contends that ████████ is licensed to practice the asserted patent and sold LTE-compliant products during the damages period that practice the asserted claims. Ex. A (Resp. to RFAs 37-38).

20. Evolved is not aware of any attempt by ██████████████████████████████████ Ex. A (Resp. to RFA 39).

21. Evolved ██████████████████████████████████ Ex. A (Resp. to RFA 40).

22. On September 20, 2022, Samsung served Evolved with an *Arctic Cat* notice identifying products that based on Evolved's allegations should have been, but were not, marked. Ex. F. Those products included:

- All of LGE's LTE compliant mobile communication devices (including, but not limited to, ██████████████████████████████████

4

███████████████████████████

- All of ███████ LTE compliant mobile communication devices (including, but not limited to, ██████████████████████████

- All of ███████ LTE compliant mobile communication devices.

- All LTE compliant mobile communication devices which use Qualcomm processors licensed by LGE to Qualcomm in 1993, with amendments in 1996, 1998, 2004, 2007, and 2010.

*Id.*

## III.    LEGAL STANDARD

"Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp., v. Imation Corp.,* 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)).  When the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the moving party is entitled to summary judgment.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue*.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86 (1986); *Anderson*, 477 U.S. at 257.  In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

## IV.    ARGUMENT

35 U.S.C. § 287(a) provides that a patent owner that makes, offers for sale, or sells within the United States any patented article, or imports any patented article into the United States, may recover damages for patent infringement only after providing (1) actual notice to the accused infringer or (2) constructive notice to the public through marking the patented article or its package with the

applicable patent number(s).  *See Amer. Medical Systems, Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1535 (Fed. Cir. 1993).  "The marking statute serves three related purposes: 1) helping to avoid innocent infringement, []; 2) encouraging patentees to give notice to the public that the article is patented, []; and 3) aiding the public to identify whether an article is patented []."  *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998) (citations omitted).  As a result, the law focuses on the patentee's actions, and the patentee bears the burden of proving compliance by a preponderance of the evidence.  *Id.* at 1446.  In particular, "[t]he patent owner-plaintiff must plead before trial and then show at trial that he had complied with the requirements of the statute."  *Motorola, Inc. v. U.S.*, 729 F.2d 765, 770 (Fed. Cir. 1984).

### A.    Samsung Met Its Burden Under *Arctic Cat*

Because Evolved contends its licensees' products practice the asserted claims, Evolved was required to ensure its licensees "mark [their products] or notify infringers of [its] patent in order to recover damages."  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017).  "[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287. To be clear, this is a low bar. The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent. The alleged infringer's burden is a burden of production, not one of persuasion or proof."  *Id.* at 1368.  Here, it is undisputed that Samsung sent Evolved an *Arctic Cat* Notice on September 20, 2022, identifying products that based on Evolved's allegations should have been marked but were not.  SUF ¶ 22.  That notice included products sold by LGE and ▮▮▮▮▮▮▮▮.  *Id.*  Samsung therefore met its burden of production.

████████████████████████████████████

**B.     Evolved Failed As a Matter of Law to Provide Actual Notice of the Alleged Infringement**

Under Section 287(a), failure to mark precludes the patentee from recovering pre-suit damages prior to the time when the infringer received actual notice; if the patentee never provided actual notice to the accused infringer before filing suit, no pre-suit damages are recoverable. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187-88 (Fed. Cir. 1994). The statute states in pertinent part:

> In the event of failure to [] mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was ***notified of the infringement*** and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

35 U.S.C. § 287(a) (emphasis added). "The requirement of actual notice is designed to assure that the accused infringer knew of the adverse patent and the alleged infringement during the period in which its liability accrues." *Gart v. Logitech, Inc*., 254 F.3d 1334, 1345 (Fed. Cir. 2001). Mere "notice of the patent's existence or ownership" is insufficient to constitute actual notice. *Id.*

To comply with the statute, the patentee must inform the recipient of the identity of the patent and the activity that is believed to be an infringement. *Lans v. Digital Equip. Corp*., 252 F.3d 1320, 1327 (Fed. Cir. 2001). The notice requirement is "met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." *Id.* (citations omitted). Accordingly, "[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product." *Amsted Indus.*, 24 F.3d at 187 (patentee's general notice letter advising entire industry of patent and instructing industry not to infringe did not provide actual notice because it was not notice of the "infringement").

The filing of a complaint for patent infringement provides the alleged infringer with actual notice. 35 U.S.C. § 287(a).

### 1.    Evolved Is Collaterally Estopped From Arguing That Its May 2015 Letter Provided Actual Notice

There are only two pre-suit communications that could even in principle have put Samsung on actual notice of the alleged infringement.[1]  The first is Evolved's May 4, 2015 letter, to which Evolved attached a list of patents it claimed to own (not including the asserted '679 patent, but including the '097 patent from which the asserted patent reissued) and asserted that "the use of one or more patent claims in the portfolio is required to practice or otherwise comply with LTE standards or technical specifications."  SUF ¶¶ 3-4.  Evolved may claim that, by including the '097 patent in the May 4, 2015 letter's appendix, it put Samsung on notice both of that patent and of any patents (including the now-asserted '679 patent) that later reissued from it.  But the Delaware district court has already held as a matter of law that Evolved's May 4, 2015 letter failed to put Samsung on notice of the patents it listed (SUF ¶¶ 7-8), and issue preclusion bars Evolved from relitigating that issue.

Issue preclusion, or collateral estoppel, prevents the same party from relitigating an issue when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc).  For preclusion purposes, an "issue" must be understood broadly enough "to prevent repetitious litigation of what is ***essentially*** the same dispute." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015) (emphasis added, citations omitted); *see also ETC Sunoco Holdings, L.L.C v. United States*, 36 F.4th 646, 649 (5th Cir. 2022) ("The finality

---

[1]  Evolved sent Samsung various communications prior to May 4, 2015, but none of them listed any patent numbers.  SUF ¶ 2.  To the extent Evolved argues it is relieved from its notice obligation because Samsung was aware of the patent family at issue from prior litigations or otherwise, that argument fails.  "The determination whether a patentee provided actual notice under § 287 must focus on the action of the patentee, not the knowledge or understanding of the [accused] infringer." *Nike*, 138 F.3d at 1446.  Thus, "[i]t is irrelevant [] whether the defendant knew of the patent or knew of his own infringement." *Amsted Indus.*, 24 F.3d at 187.

8

███████████████████████████

concerns underlying the preclusion doctrine are strongest when the same parties would be forced to relitigate what is *essentially* the same controversy.") (emphasis added, quotation marks omitted).

Evolved cannot dispute that it is the same party that lost on the pre-suit notice issue in Delaware. Indeed, while collateral estoppel does not require that both parties be the same in the two lawsuits (only the party against whom preclusion is sought), here it is undisputed that Evolved and Samsung are the same parties who previously litigated the pre-suit notice issue. SUF ¶¶ 6-8. And the issue here—whether Evolved's May 4, 2015 letter put Samsung on notice of the patents it listed—is identical to the issue litigated there. In the Delaware action, as here, Samsung argued that Evolved failed to show that Samsung had pre-suit knowledge of the asserted patents. *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-JRB-SRF, Dkt. 38 at 5 (D. Del. Mar. 15, 2016). There, as here, Evolved countered by referring to "the May 4, 2015 licensing letter, which specifically identified the patents-in-suit." *Id.* The Delaware court expressly rejected Evolved's argument, noting that "the letter does not specifically identify the patents-in-suit from the list of eighty-five patents and patent applications" and agreeing with the line of cases holding that "a patent included in an appendix containing dozens of patents does not place a defendant on notice of the patents-in-suit." *Id.* at 6-7. The issue was thus actually litigated, and the Delaware court's determination that Evolved's May 4, 2015 letter (and its other pre-suit communications) failed to put Samsung on notice of the asserted patents was necessary to its decision to grant both Samsung's motion to dismiss Evolved's willfulness allegations and Samsung's motion to dismiss Evolved's allegations of pre-suit indirect infringement. *Id.* Evolved never appealed that order, which has thus long since become final and binding. SUF ¶ 8.

Evolved may contend collateral estoppel should not apply because the issue before the Delaware court was whether Samsung was on pre-suit notice of the patents asserted in Delaware,

9

█████████████████████████████████████

and thus the Delaware court did not decide whether Samsung was on notice of the '097 patent. That argument fails. The law requires only that the issues previously litigated have resolved "what is *essentially* the same dispute." *B & B Hardware*, 575 U.S. at 157 (emphasis added, citations omitted). At minimum, this case presents *essentially* the same issue as that decided in Delaware— whether Evolved's May 4, 2015 letter was sufficient as a matter of law to put Samsung on notice of the patents it listed in the appendix. And the '097 patent, just like the Delaware asserted patents, was merely "included in an appendix containing dozens of patents," which the Delaware court held "[did] not place a defendant on notice." *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-JRB - SRF, Dkt. 38 at 6-7 (D. Del. Mar. 15, 2016). A finding that the May 4, 2015 letter *did* put Samsung on notice of the '097 patent (and the '679 patent that reissued from it) would be necessarily inconsistent with the Delaware court's prior ruling, and avoiding inconsistent results is one of the primary purposes of collateral estoppel. *Action Ink, Inc. v. Anheuser-Busch, Inc.*, 959 F. Supp. 2d 934, 942 (E.D. La. 2013) (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553 (1990)). Evolved is thus precluded from arguing that its May 4, 2015 letter put Samsung on notice of the asserted patent.

But even if the Delaware court's holding that Evolved failed to provide pre-suit notice of the asserted patents did not have preclusive effect, its reasoning is correct and leads to the same conclusion here. It is undisputed that Evolved's May 4, 2015 letter merely included the '097 patent on a list of about 85 patents and applications that Evolved claimed to own, and that Evolved did not specifically discuss that patent (or any other) in the body of the letter. SUF ¶¶ 3-5. And as the Delaware court noted, courts have consistently held that including a patent "in an appendix containing dozens of patents does not place a defendant on notice of the patents-in-suit." *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-JRB-SRF, Dkt. 38 at 6-7 (D. Del. Mar.

10

15, 2016) (citing *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, 77 F. Supp. 3d 756, 766 (N.D. Ill. 2015) and *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499 (D. Del. 2014)).  That is precisely what Evolved's May 4, 2015 letter did.  Indeed, Evolved's letter did not even specify which (if any) of the listed patents it contended Samsung's products infringed, instead only asserting that "the use of one or more patent claims in the portfolio is required to practice or otherwise comply with LTE standards or technical specifications." SUF ¶ 4.  As a matter of law, that letter did not put Samsung on notice of any of the patents listed in its appendix—let alone a patent that reissued from a patent listed in the appendix.

### 2.    Evolved's September 2018 Letter Also Failed to Provide Actual Notice

The second communication that Evolved might claim put Samsung on notice of the asserted patent is its September 21, 2018 letter.  While that letter did list the asserted '679 patent in its appendix, it otherwise suffers from the same deficiencies as Evolved's May 4, 2015 letter.  Specifically, it is undisputed that the September 2018 letter listed the asserted patent only as part of a long list of patents appended to the letter.  SUF ¶¶ 9-11.  It is also undisputed that Evolved did not refer to the asserted patent in the body of the letter and that, while Evolved provided claim charts for some of the listed patents, it did ***not*** provide such a chart for the asserted patent.  SUF ¶¶ 9-11, 14. This case is thus nearly identical to *Cascades Computer Innovation*.  The court there held that the plaintiff's letter, which listed 39 patents and called particular attention to five of them—not including the asserted patent, which was "merely listed in an appendix, without explanation"—was "insufficient to create a triable issue as to Samsung's knowledge at that time."  77 F. Supp. 3d at 766.  So too here: it is undisputed that Evolved's September 2018 letter merely listed the asserted patent "in an appendix, without explanation" and that, while Evolved called particular attention to certain patents by providing claim charts, it did not provide such a chart for the asserted patent.  SUF ¶¶ 9-11, 14.  Indeed, Evolved did not even identify which claims of the '679 patent (or any of the

11

other listed patents, aside from the ones it charted) it contended Samsung's products infringe. *Id.* There is thus "no triable issue as to Samsung's knowledge" as of September 2018. *Cascades Computer Innovation,* 77 F. Supp. 3d at 766.

Because as a matter of law Evolved's May 4, 2015 and September 2018 letters failed to put Samsung on notice of the asserted patent, the earliest date Samsung had actual notice of the asserted patent was the day Evolved filed its complaint: February 1, 2021.

### C.   Evolved Failed As a Matter of Law to Provide Constructive Notice of the Asserted Patents

Absent actual notice, and with a few exceptions not applicable here, to recover past damages for infringement the patentee must have given constructive notice to the public in the form of patent marking.  Section 287(a) describes how to mark:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice.

35 U.S.C. § 287(a).

A patentee fails to comply with the marking provision of Section 287(a)—and thus has not given the public constructive notice of the patent—unless it has properly marked "substantially all" of its patented products.  *Amer. Medical*, 6 F.3d at 1538.  It is not enough to mark merely some products: "once marking has begun, it must be substantially consistent and continuous in order for a party to avail itself of the constructive notice provisions of the statute."  *Id.* at 1537.

12

"A licensee who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked." *Amsted Indus.*, 24 F.3d at 185.  In other words, a *licensee's* failure to mark patented products prior to suit may limit the *patentee's* recovery of damages.  *Id.* ("Since there is no dispute that the patented articles sold by Amsted's customers were never marked, Amsted is precluded from recovering damages prior to the date that Buckeye, the accused infringer, 'was notified of the infringement.'").

To ensure compliance with the marking statute, patentees often include express provisions on marking in license agreements and also police their licensees' marking efforts.  *See, e.g.*, *K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*, 52 F. App'x 135, 141 (Fed. Cir. 2002).  A patentee's failure to include a marking requirement in a license agreement or failure to show any actual marking by its licensees is evidence of the patentee's failure to meet its marking obligations.  *See Devices for Medicine, Inc. v. Boehl,* 822 F.2d 1062, 1066 (Fed. Cir. 1987) (plaintiff had "burden of convincing the jury that it had performed affirmative acts in compliance with § 287" with respect to marking by its licensees); *Loral Fairchild Corp. v. Victor Co. of Japan*, 906 F. Supp. 813, 817 (E.D.N.Y. 1995) (plaintiff unable to show compliance with marking requirement where license agreement imposed no duty to mark and plaintiff never contended any products sold by the licensee were marked); *Northbrook Digital Corp. v. Browster, Inc.*, No. CIV. 06-4206, 2008 WL 4104695, at *2 (D. Minn. Aug. 26, 2008) (plaintiff failed to comply with marking requirement where license agreement imposed no duty to mark and there was no evidence that plaintiff ever raised the issue of marking with the licensee).  But even where a patentee has included a marking requirement in a license, the patentee must show that licensees complied with that requirement.  *See Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 911 (E.D. Tex. 2005).

13

███████████████████████████████████████

Like the patentee's own patented products, a licensee's products must be marked substantially, consistently, and continuously. *See Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1375 (Fed. Cir. 2010). Where a licensee has failed to mark, "the court may consider whether the patentee made reasonable efforts to ensure [its licensees'] compliance with the marking requirements" under a rule of reason analysis. *K&K Jump Start/Chargers*, 52 F. App'x at 141 (citations omitted). This rule of reason acts as a mitigating factor to protect only those patentees that make reasonable efforts to cause their licensees to mark. *Compare Funai Elec.* 616 F.3d at 1375 (affirming finding that 88-91% marking rate by customers over two years was substantially consistent and continuous in light of rule of reason) *with Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2015 WL 7960004, at *28 (N.D. Cal. Dec. 4, 2015) (finding that the marking requirement was not met where only one of three of the patentee's patented products was marked).

Where a patentee asserts both apparatus and method claims, "the marking requirement applies to **all the claims**" so long as there is a "tangible item to mark." *ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012) (citing *Amer. Medical*) (emphasis added). Put slightly differently, "[w]here the patent contains both apparatus and method claims, . . . to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993) (marking requirement applied where patentee asserted both apparatus and method claims).

Here, there can be no dispute that Evolved's licensees failed to mark products that Evolved contends practice the asserted patent. Indeed, ████████████████████████████████

14

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████. SUF ¶¶ 16-17, 19-20.  This case is thus on all fours with *Amsted*: "Since there is no dispute that the patented articles sold by [Evolved's licensees] were never marked, [Evolved] is precluded from recovering damages prior to the date that [Samsung], the accused infringer, 'was notified of the infringement.'"  24 F.3d at 185. Nor can Evolved avail itself of the rule of reason that protects patentees that make reasonable efforts to require their licensees to mark because, ███████████████████████████████████████. SUF ¶¶ 18, 21.  Evolved asserts both apparatus and method claims and, because there were "tangible items to mark," the marking requirement applies to all asserted claims.  *ActiveVideo*, 694 F. 3d at 1334.

There is thus no triable issue of fact as to whether Evolved or its licensees complied with the marking requirement of Section 287.  As a matter of law, they did not.  Samsung is therefore entitled to judgment as a matter of law that Evolved failed to provide constructive notice of the asserted patent.

## V.      CONCLUSION

For these reasons, Samsung respectfully asks that the Court grant partial summary judgment in its favor and find that Evolved may not recover damages for any alleged infringement prior to the filing of its Complaint on February 1, 2021.

███████████████████████████████████████████

Dated:  July 10, 2023

Respectfully submitted,

*/s/ Melissa R. Smith*

Kevin P.B. Johnson
California Bar No. 177129 (admitted in ED TX)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
California Bar No. 202603 (admitted in ED TX)
victoriamaroulis@quinnemanuel.com
Todd Briggs
California Bar No. 209282
toddbriggs@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650.801.5000
Fax: 650.801.5100

Kevin Hardy
D.C. Bar No. 473941 (admitted in ED TX)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

16

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 10, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  July 10, 2023                    */s/ Melissa R. Smith*
                                         Melissa R. Smith

17