# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2-21-cv-00033<br><br><br><br>**Jury Trial Demanded** |

## SAMSUNG'S MOTION FOR RECONSIDERATION


**TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ................................................................................................1
II. LEGAL STANDARD ........................................................................................................3
III. ARGUMENT .....................................................................................................................4
    A. The Unredacted Versions of the LG-Qualcomm Agreement Would Probably Change The Outcome of Samsung's Motion ...........................................4
    B. The Unredacted Agreements Were Not Available When Samsung Brought Its Motion ...............................................................................................................8
    C. The Evidence Is Not Cumulative or For Impeachment .........................................9
IV. CONCLUSION ..................................................................................................................9

# **TABLE OF AUTHORITIES**

## **Cases**

*In re Benjamin Moore & Co.*,
  318 F.3d 626 (5th Cir. 2002) ...............................................................................................4

*Edward H. Bohlin Co. v. Banning Co.*,
  6 F.3d 350 (5th Cir. 1993) ...................................................................................................4

*Evolved Wireless, LLC v. HTC Corp.*,
  840 Fed. App'x. 586 (Fed. Cir. 2021)...............................................................................2, 8

*Evolved Wireless, LLC v. HTC Corp.*,
  Case No. 20-1335, ECF No. 69 (Fed. Cir. Sep, 3, 2020).................................................3, 4

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
  Case No. 15-545-JRB-SRF, ECF No. 482 (D. Del. Dec. 4, 2019) .......................................2

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd. et al.*,
  Case No. 15-545-JRB-SRF, Dkt. 227-1 (D. Del. Aug. 31, 2017) ........................................7

*Infusion Res., Inc. v. Minimed, Inc.*,
  351 F.3d 688 (5th Cir. 2003) ............................................................................................4, 9

*Kitty-Anne Music Co. v. Swan*,
  112 Cal. App. 4th 30 (2003) .................................................................................................8

*TQP Development, LLC v. Intuit Inc.*,
  2014 WL 3670843 (E.D. Tex. Jul. 23, 2014) .......................................................................4

## **Statutes and Rules**

Fed. R. Civ. P. 54(b) ......................................................................................................................3

Newly unredacted versions of the LG-Qualcomm license agreement on which Samsung based its motion for partial summary judgment of license and exhaustion confirm that Qualcomm and Samsung (as Qualcomm's customer) are still licensed to the asserted patent. Evolved has known this all along: in the prior Delaware lawsuit between the parties, Evolved expressly told the Delaware court that nothing behind the redactions would affect its rights under the agreement. Evolved nonetheless successfully opposed Samsung's motion in this case, relying largely on redactions (the very redactions it previously told the Delaware court concealed nothing of consequence) to argue there were factual disputes precluding summary judgment. After the Court denied Samsung's motion, Samsung renewed its request that Qualcomm produce the unredacted versions of the agreement, which Qualcomm did on September 27, 2023. The unredacted versions conclusively show that Evolved's prior representation to the Delaware court was right: nothing behind the redactions affects Samsung's motion in the slightest. Indeed, the newly-unredacted information directly refutes the various unsupported theories Evolved offered in opposition to Samsung's motion. Because this newly-discovered evidence makes clear that Samsung's motion for partial summary judgment of license and exhaustion should be granted, Samsung respectfully asks that the Court reconsider its denial of that motion.

## I.  FACTUAL BACKGROUND

Samsung moved for partial summary judgment that its sales of accused products with Qualcomm chipsets are licensed, and that Evolved's patent rights as to those products are exhausted, based on a license agreement between LG and Qualcomm. ECF No. 94. It is undisputed that Qualcomm and Samsung are licensed as to products sold on or before December 31, 2018, the date LG terminated the agreement. The question underlying Samsung's motion is whether Section 5.3 of the 2004 amendment to the agreement, which provided that LG could not transfer any patent covered by the covenants in the agreement unless the patent remained subject

to those covenants for the life of the patent, created a life-of-patent license that survived the termination of the agreement. *Id.*

The copies of the license agreement and relevant amendments on which Samsung's motion relied contained certain redactions, each marked as "Financial Information." ECF Nos. 94-3-94-7. Qualcomm originally produced the license agreements in April 2023 in more heavily-redacted form. At that time, Samsung asked Qualcomm to produce unredacted copies. Setty Decl. ¶ 7. While Qualcomm refused to do so, it did produce less redacted versions that clearly identify the redacted material as "Financial Information," as distinct from information that would affect the scope of the covenants at issue in Samsung's motion. *Id.*; ECF Nos. 94-3-94-7; ECF No. 138 n.1. As a compromise and to avoid burdening the Court with motion practice, Samsung and Qualcomm agreed that those less-redacted versions would suffice. Setty Decl. ¶ 7.

Samsung would of course have preferred unredacted versions, but believed (and still believes) the versions Qualcomm produced were sufficient to grant summary judgment. The District Court for the District of Delaware had previously granted summary judgment of license and exhaustion based on more heavily redacted versions of the same agreements, and over Evolved's objection that the redactions created a fact dispute that should preclude summary judgment. *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-JRB-SRF, ECF No. 482 (D. Del. Dec. 4, 2019). The Federal Circuit affirmed that ruling, holding that "[t]he license agreement … precludes infringement for the period that it was in effect" without expressing concern about the redacted versions of the agreements in the record. *Evolved Wireless, LLC v. HTC Corp.*, 840 Fed. App'x. 586, 591-92 (Fed. Cir. 2021). And for good reason: Evolved had told the Delaware court that it was "assured by LGE that redacted portions [of the agreements]

2

would not affect the purchaser's rights." *Evolved Wireless, LLC v. HTC Corp.*, Case No. 20-1335, ECF No. 69 at Appx11 (Fed. Cir. Sep, 3, 2020).

This Court denied Samsung's motion for partial summary judgment of license and exhaustion, finding that in light of the redactions 

8/31/23 Tr. at 38:11-20. Following the Court's ruling, to ensure a complete record, Samsung contacted Qualcomm and requested that Qualcomm produce unredacted versions of the agreements. On September 27, 2023, ▮, Qualcomm produced the unredacted versions to both Samsung and Evolved. Setty Decl. ¶ 10. The unredacted versions are attached as Exhibits A-F.[1] Nothing in the now-unredacted portions impacts Samsung's license/exhaustion arguments. Indeed, the unredacted agreements confirm that the redacted portions were exactly what Qualcomm said they were: financial terms (▮) having nothing to do with the scope of the rights granted from LG to Qualcomm and its customers.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) allows courts to revise interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "It is well settled that a district court with jurisdiction over a

---

[1] During the briefing on Samsung's summary judgment motion, Evolved asserted—without explanation or support—that Samsung "presumably knew" what was behind the redactions in previous versions of the agreement. ECF No. 161 at 3. That is wrong: Samsung has never had a copy of the agreements that was less redacted than the versions produced in discovery. September 27 was the first time Samsung's counsel received a fully unredacted version, and—because the agreements are designated Attorneys Eyes Only—Samsung itself has still never seen any version other than the heavily redacted versions in the public record.

3

case has inherent authority to reconsider, rescind, or modify any interlocutory order entered in the case, such as an order denying summary judgment." *TQP Development, LLC v. Intuit Inc.*, 2014 WL 3670843 at *3 (E.D. Tex. Jul. 23, 2014). A motion for reconsideration can be granted on any one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). In weighing those factors, "[t]he court must strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III.   ARGUMENT

A motion to reconsider based on new facts is properly granted where "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003).

#### A.   The Unredacted Versions of the LG-Qualcomm Agreement Would Probably Change The Outcome of Samsung's Motion

In opposing Samsung's motion for partial summary judgment of license and exhaustion, Evolved offered three theories as to how the redacted portions of the agreements then in the record could affect Samsung's license and exhaustion argument. In denying Samsung's motion, the Court expressed similar concerns. The newly-unredacted agreements show that none of the three in fact affect the license and exhaustion issue, and that Evolved's prior representation to the Delaware court that the "redacted portions [of the agreements] would not affect [Evolved's] rights" was correct. *Evolved Wireless, LLC v. HTC Corp.*, Case No. 20-1335, ECF No. 69 at Appx11.

4

▮▮▮

*First,* Evolved relied heavily on a provision ▮▮▮

▮▮▮ ECF No. 117 at 8. Evolved argued that that provision likely meant ▮▮▮ and that "the logical inference … ▮▮▮ ▮▮▮. *Id.* In denying Samsung's motion, the Court held that it could not ▮▮▮ ▮▮▮ 8/31/23 Hearing Tr. at 38:21-23. The newly-unredacted agreements answer that question. The ▮▮▮ provision has nothing to do with the scope or meaning of the license rights LG granted to Qualcomm under the agreement. Instead, it relates ▮▮▮ ▮▮▮. Ex. F at QCEVOLVEDSS00033_0003807. ▮▮▮

▮▮▮[2] Ex. A at QCEVOLVEDSS00033_0003765. In 2010, ▮▮▮

▮▮▮. Ex. F at QCEVOLVEDSS00033_0003807-09. That is the ***only*** thing the term ▮▮▮ means in the LG-Qualcomm agreement; that term appears nowhere else in the agreement other than the ▮▮▮ provision. The unredacted version thus confirms that, contrary to Evolved's argument, the ▮▮▮ ▮▮▮, and indeed has nothing to do with the scope of the rights LG granted Qualcomm and its customers.

---

[2] ▮▮▮. Ex. E at QCEVOLVEDSS00033_0003855.

*Second*, Evolved pointed to an annex to the same 2010 amendment, which Evolved described as "a separate 14-page summary of *different* contractual terms that apparently apply to Samsung." ECF No. 117 at 8; *see also* 8/31/23 Hearing Tr. at 31:2-4 (Evolved's counsel: "There's page after page of ▉."). But as the newly-unredacted agreement makes clear, Evolved's characterization of ▉ ▉ was wrong at the most basic level. The " ▉ are not a "summary of *different* contractual terms that apparently apply to Samsung." ECF No. 117 at 8. Rather, they are ▉, which has nothing to do with the meaning of the LG-Qualcomm license at issue here. Ex. F at QCEVOLVEDSS00033_0003830-44. ▉ ▉ has no effect on the scope or terms of that amendment or the LG-Qualcomm agreement as a whole. *Id.* The newly-discovered evidence thus reveals that this provision has no impact on Samsung's license and exhaustion argument.

*Third*, Evolved relied on ▉ ▉ ▉. 8/31 Hearing Tr. at 32:25-33:33 ▉ ▉ ▉. The Court similarly pointed out ▉ ▉ ▉ *Id.* at 39:1-5. The unredacted version answers those questions as well by making clear ▉

6

██████████████████████████████████████████████

██████████████████████████████████████████. At no time did the 1993 agreement (as amended) ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████  ██████████████████████████████

██████████████████████████████████████████. Ex. E at QCEVOLVEDSS00033_0003863. Thus, the unredacted versions make clear that ██

████████████████████████████████████████████████

██████████████, and has no bearing on the issues underlying that motion. But if any doubt remains, ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd. et al.*, Case No. 15-545-JRB-SRF, Dkt. 227-1 at 174-75 (D. Del. Aug. 31, 2017). That agreement was produced in Delaware and Evolved has known about it since then; indeed, Evolved's counsel correctly told the Court that the PPA referred to a ████████████████████████████████████ 8/31/23 Hearing Tr. at 33:5-12.

Thus, to the extent there were ever disputes of fact precluding summary judgment in Samsung's favor, the newly-unredacted versions of the LG-Qualcomm license resolve those disputes and establish that nothing that was previously redacted affects the issues underlying Samsung's motion for summary judgment. The only remaining question is whether the life-of-patent license granted by Section 5.3 of the 2004 amendment, particularly in combination with the ████████████████████████████████████, survived LG's termination of the underlying agreement. That is a pure "question of law" and thus for the Court to decide. *Evolved*

7

*Wireless, LLC v. HTC Corp.*, 840 F. App'x. at 590; *Kitty-Anne Music Co. v. Swan*, 112 Cal. App. 4th 30, 37 (2003).

### B. The Unredacted Agreements Were Not Available When Samsung Brought Its Motion

Samsung was diligent in pursuing the unredacted versions of the LG-Qualcomm agreement. Samsung first subpoenaed Qualcomm on December 1, 2022, with six months remaining in fact discovery. Setty Decl. ¶ 4. Qualcomm served objections and responses in early January, and after several rounds of meet and confer by email and phone, on April 5 produced the same versions of the license agreements that it had previously produced in Delaware. *Id.* ¶¶ 5-7. Samsung promptly contacted Qualcomm to request the unredacted versions. Qualcomm refused, but—as a compromise and to avoid burdening the Court with motion practice—Qualcomm ultimately agreed to produce versions that (1) were less redacted and (2) clearly marked the redactions as being "Financial Information," not terms relevant to the grant of rights from LG to Qualcomm. *Id.* ¶ 7.

Evolved will no doubt argue that Samsung could and should have moved to compel Qualcomm to produce unredacted versions earlier. But as explained above, Samsung believed the redacted versions were sufficient both to grant summary judgment and for it to prevail at trial. *Supra* at 2-3. Samsung acknowledges that the Court ultimately disagreed, but respectfully submits that its belief was both held in good faith and reasonable given that both the District of Delaware and the Federal Circuit had previously been willing to grant summary judgment based on more heavily redacted versions and that Evolved had represented to the Delaware court that nothing behind the redactions would affect its rights. *Id.* Indeed, the now-unredacted versions confirm that Evolved's representation was correct and that Samsung was justified in relying on it.

8

Thus, despite Samsung's diligence, the newly-discovered evidence (the unredacted versions of the LG-Qualcomm agreements) was not available at the time it brought its motion.

C.     **The Evidence Is Not Cumulative or For Impeachment**

There can be no dispute that the newly-unredacted agreements are not merely cumulative or impeaching. *Infusion*, 351 F.3d at 696-97. The Court denied Samsung's motion for partial summary judgment based largely on the agreements at issue being redacted; only the unredacted versions could cure that issue. There is thus nothing cumulative about the unredacted versions. Nor are they for impeachment: they go directly to substantive issues underlying Samsung's motion and eliminate the fact disputes the Court relied on in denying that motion.

IV.    **CONCLUSION**

Samsung respectfully asks that the Court reconsider its denial of Samsung's motion for partial summary judgment of license and exhaustion.

9

Dated: October 2, 2023                  Respectfully submitted,

                                                   */s/ Melissa R. Smith*
Kevin P.B. Johnson
California Bar No. 177129 (admitted in ED TX)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
California Bar No. 202603 (admitted in ED TX)
victoriamaroulis@quinnemanuel.com
Todd Briggs
California Bar No. 209282
toddbriggs@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650.801.5000
Fax: 650.801.5100

Kevin Hardy
D.C. Bar No. 473941 (admitted in ED TX)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

10

**CERTIFICATE OF SERVICE**

    Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 2, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: October 2, 2023           */s/ Melissa R. Smith*
                                             Melissa R. Smith

11