# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-0033-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., and | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") Motion for Reconsideration. (Dkt. No. 223.) In the Motion for Reconsideration, Samsung requests that the Court reconsider its ruling on Samsung's Motion for Partial Summary Judgment of License and Exhaustion (Dkt. No. 94) pursuant to Federal Rule of Civil Procedure 54(b). (*See* Dkt. No. 223 at 3.) In the Motion for Partial Summary Judgment, Samsung requested that the Court enter summary judgment that any accused products with Qualcomm chipsets do not infringe under the doctrines of license and exhaustion. (*See* Dkt. No. 94 at 1, 6.) The Court denied the Motion for Partial Summary Judgment at the pretrial conference held on August 31, 2023. (*See* Dkt. No. 203 at 38:11–39:11.) Plaintiff Evolved Wireless, LLC ("Evolved") opposed the Motion for Partial Summary Judgment and now opposes the Motion for Reconsideration. (*See* Dkt. Nos. 117, 226.) Oral argument was held on the Motion for Reconsideration on October 23, 2023. (*See* Dkt. No. 233.) For the following reasons, the Court

1

finds that the Motion for Reconsideration should be **GRANTED** and that the Motion for Partial Summary Judgment should also be **GRANTED**.

## II. BACKGROUND

### A. Motion for Partial Summary Judgment

The only remaining patent-in-suit is U.S. Patent Number RE46,679 (the "'679 Patent"), which is a re-issue of U.S. Patent Number 8,219,097 (the "'097 Patent"). The '097 Patent issued on July 10, 2012. The '679 Patent re-issued on January 6, 2018. The application that led to the '097 Patent was Application Number 12/870,747. This application was a continuation of U.S. Patent Number 7,809,373 (the "'373 Patent"), which issued on July 10, 2012.

The original assignee of the '373 and the '097 Patent was LG Electronics Inc. ("LGE"), which assigned both patents to TQ Lambda in March of 2014. TQ Lambda assigned both patents to Evolved shortly thereafter. (*Id.*)

In June 2015, Evolved sued Samsung and other smartphone manufacturers in the District of Delaware for alleged infringement of five patents, including the '373 Patent. (*Id.*) Samsung moved for summary judgment of non-infringement based on license and exhaustion stemming from an agreement between LGE and Qualcomm Inc. ("Qualcomm") (the "LGE-Qualcomm Agreement"). (*Id.* at 4–5.) Specifically, Samsung requested that the court find that any Samsung products containing Qualcomm chipsets did not infringe the '373 Patent based on license and exhaustion. (*See id.* at 4–5.) Evolved countered that the LGE-Qualcomm Agreement was terminated effective December 31, 2018. (*See id.* at 5.) The district court agreed with Samsung, finding that the Samsung products containing Qualcomm chipsets did not infringe the '373 Patent because of the doctrines of license and exhaustion. *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 15-545-JRB-SRF, Dkt. 482 at 30-31 (D. Del. Dec. 4, 2019). The district court

declined to determine whether the LGE-Qualcomm Agreement was terminated on December 31, 2018. *See Evolved Wireless, LLC v. HTC Corp.*, 840 Fed. Appx. 586, 594 (Fed. Cir. 2021).

On appeal, the Federal Circuit affirmed that the Samsung products containing Qualcomm chipsets did not infringe the '373 Patent because they were licensed and exhausted by the LGE-Qualcomm Agreement. *See id.* at 594. However, the Federal Circuit "vacate[d] the district court's judgment as to any activity occurring on or after January 1, 2019, and remand[ed] for further proceedings." *Id.*

On remand to the district court, Evolved dismissed the case with prejudice and granted Samsung a royalty-free covenant not to sue on the '373 Patent instead of litigating this issue or pursuing damages for the post-termination period. (Dkt. No. 94 at 5.)

Evolved filed suit in this Court on February 1, 2021, alleging infringement of the '679 Patent and seeking damages for activities occurring on or after January 1, 2019—the day after the LGE-Qualcomm Agreement was terminated. (*See* Dkt. No. 1 at ¶¶ 36, 57. *See also* Dkt. No. 24 at ¶¶ 38, 55 (First Amended Complaint alleging the same).)

In its Motion for Partial Summary Judgment, Samsung moved for summary judgment that accused products containing Qualcomm chipsets do not infringe under the doctrines of license and exhaustion stemming from the LGE-Qualcomm Agreement, asserting that the license arising from the LGE-Qualcomm Agreement survived the termination of the Agreement. (*See* Dkt. No. 94.)

The parties do not dispute that LGE terminated the LGE-Qualcomm Agreement, or that the termination was effective. (See Dkt. Nos. 94, 117.) Rather, the parties only dispute whether the termination also terminated the license granted to Qualcomm for the '679 Patent. (See Dkt. No. 94 at 11; Dkt. No. 117 at 6.)

3

The LGE-Qualcomm Agreement was originally executed in 1993 and amended many times thereafter. (*See* Dkt. No. 94 at 2.) Section 5.3 from the 2004 amendment provides:

> Neither party nor any of their affiliates may sell, assign, or otherwise transfer any patent which is subject to the covenants granted in this Section 5 or the licenses granted in the License Agreement to any third party unless such patent remains subject to the covenants granted in Sections 5.1 and 5.2 above or the licenses in the License Agreement, as the case may be, *for the life of such patent*.

(*Id.* at 3) (emphasis supplied.) Sections 5.1 and 5.2 include covenants not to assert the '679 Patent against Qualcomm or its customers. (*See id.* at 2.) Evolved and Samsung agree that the '679 Patent was at one point subject to the covenants in Section 5, and therefore subject to Section 5.3, though they dispute whether the '679 Patent is still subject to Section 5.3 after the December 31, 2018 termination. (*See* Dkt. No. 94 at 6, Dkt. No. 117 at 3.)

Section 10.3 of the 2004 amendment provides:



(Dkt. No. 94 at 4.) Further, section 17.2 of the 2010 amendment provides:



(*Id.*)

The version of the LGE-Qualcomm Agreement presented to the Court when it considered the Motion for Partial Summary Judgment was not the same version presented in the District of Delaware or to the Federal Circuit—those courts were presented with an even more redacted version of the LGE-Qualcomm Agreement. For example, the version presented to this Court

4

contained this now-unredacted portion: ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ (Dkt. No. 117 at 4.)

However, the terms ██████████ and ██████████ did not appear in any other unredacted portion of LGE-Qualcomm Agreement presented to this Court. (*Id.*)

Samsung argued in its opening brief on the Motion for Partial Summary Judgment that the "life of the patent" language in Section 5.3 indicates that Qualcomm's license to the '679 Patent extended for the life of the patent. (Dkt. No. 94 at 7–8.) Samsung further argued Section 10.3 expressly provided ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████ (*Id.* at 12) (emphasis supplied.)

In response, Evolved argued that Samsung is expressly ██████████████, as indicated by the ██████████ section. (Dkt. No. 117 at 8.) Moreover, Evolved argued, Samsung's interpretation of the LGE-Qualcomm Agreement is unreasonable because the agreement did not include specific language providing that the license would attach to transferred patents under the license. (*Id.* at 8–10.) Evolved also argued that the LGE-Qualcomm Agreement created an affirmative duty on the contracting parties to take steps to ensure that any transferred patents remained subject to the license, and neither LGE nor Qualcomm took such steps. (*Id.* at 10–12.) As support, Evolved pointed to Section 5.3:

> Neither party nor any of their affiliates may sell, assign, or otherwise transfer any patent which is subject to the covenants granted in this Section 5 or the licenses granted in the License Agreement to any third party **unless such patent remains subject to the covenants granted in Sections 5.1 and 5.2** above or the licenses in the License Agreement, as the case may be, for the life of such patent.

5

(*See* Dkt No. 117 at 10 (emphasis supplied).) Finally, Evolved argued that there existed factual disputes about the meaning of the LGE-Qualcomm Agreement in light of the redacted portions. (*Id.* at 12–14.)

In reply, Samsung pointed out that Evolved admitted that the ▮▮▮▮▮ language does not appear elsewhere in the LGE-Qualcomm Agreement. (Dkt. No. 138 at 3.) Further, Samsung argued that the Federal Circuit has already held that Samsung is protected by the LGE-Qualcomm license. (*Id.* (citing *Evolved Wireless*, 840 F. App'x at 590 (citing *Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 638 (2008)).) Samsung also re-urged that the license created by Section 5.3 was automatically for the life of the patent. (*Id.* at 4–5.)

In sur-reply, Evolved largely re-urged the points raised in its response brief: that there was sufficient evidence for a reasonable jury to find that Samsung is not protected by the LGE-Qualcomm Agreement, and that nothing in the LGE-Qualcomm Agreement supports Samsung's view that there was an automatic life-of patent license. (Dkt. No. 161.)[1]

The Court heard oral argument on the Motion for Partial Summary Judgment on August 31, 2023. (*See* Dkt. No. 203.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 33:20–22.) In denying the Motion for Partial Summary Judgment, the Court ruled as follows:



---

[1] Evolved also argued throughout its briefing that the license was never authenticated, but that argument was not raised during oral argument, and can be dismissed easily. "[M]aterials cited … ned only be capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis added) (quoting Fed. R. Civ. P. 56(c)(2)).

6



(*Id.* at 38:11–39:9.)

### B. The Motion for Reconsideration

Samsung had subpoenaed Qualcomm on December 1, 2022 and requested an unredacted version of the Agreement. (Dkt. No. 223 at 8.) After negotiating with Samsung, Qualcomm agreed to produce a version of the Agreement that was redacted, but less so than the version presented to the District of Delaware and the Federal Circuit. (*See id.* at 2.) Qualcomm produced this redacted version of the license on April 5, 2023. (*Id.*) Fact discovery closed on May 2, 2023. (Dkt. No. 40 at 3.)

Following the Court's denial of the Motion for Partial Summary Judgment on August 31, 2023, "Samsung contacted Qualcomm and requested that Qualcomm produce unredacted versions of the agreements." (Dkt. No. 223 at 2.) Qualcomm obliged on September 27, 2023. (*Id.* at 2–3.)

## III. LEGAL STANDARDS

### A. Summary Judgment

A motion for summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may introduce evidence affirmatively supporting its position, and is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on

7

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Epps v. NCNB Nat'l Bank*, 838 F. Supp. 296, 298–99 (N.D. Tex. 1993), *aff'd*, 7 F.3d 44 (5th Cir. 1993). Alternatively, the movant can file what is known as a "no evidence" motion for summary judgment, meeting its burden by establishing that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In either context, "[s]ummary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

### B. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) provides that the court may revise interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "It is well settled that a district court with jurisdiction over a case has inherent authority to reconsider, rescind, or modify any interlocutory order entered in the case, such as an order denying summary judgment." *TQP Development, LLC v. Intuit Inc.*, 2014 WL 3670843 at *3 (E.D. Tex. Jul. 23, 2014). A motion for reconsideration can be granted on any one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Here, Samsung alleges that the recently produced, unredacted LGE-Qualcomm Agreement warrants reconsideration. (*See* Dkt. No. 223 at 4.) A motion to reconsider based on new facts is properly granted where "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been

discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003).

IV. **ARGUMENT**

The Court must first decide whether Samsung has shown that it is entitled to reconsideration before it may reach the underlying dispute.

A. **Motion for Reconsideration**

i. **Whether the Newly Discovered Evidence Would Change the Outcome of Samsung's Motion**

Samsung argues that the unredacted LGE-Qualcomm Agreement resolves the fact questions that this Court relied upon in denying the Motion for Partial Summary Judgment. (Dkt. No. 223 at 4.) First, Samsung argues that Evolved relied heavily on the ▮▮▮▮▮ provision to cast doubt on whether Samsung was ▮▮▮▮▮ (*Id.* at 5.) Further, Samsung argues that the Court expressed the same concern. (*Id.*) Samsung argues that the unredacted LGE-Qualcomm Agreement shows that the ▮▮▮▮▮ provision relates only to a ▮▮▮▮▮ (*Id.*)

Second, Samsung points out that Evolved relied on ▮▮▮▮▮ ▮▮▮▮▮. (*Id.* at 6.) However, Samsung contends, the unredacted version shows that ▮▮▮▮▮ ▮▮▮▮▮, which has nothing to do with the LGE-Qualcomm Agreement. (*Id.*)

Third, Samsung asserts that the Court and Evolved relied on a provision in the Patent Purchase Agreement by which Evolved acquired the '679 Patent for the proposition that ▮▮▮▮▮ ▮▮▮▮▮

9

███████ (*Id.* (citing Dkt. No. 203 at 39:1–5).) Samsung argues that the unredacted version of the LGE-Qualcomm Agreement shows ████████████████████████████████████. (*Id.* at 6–7.) Nothing in the unredacted version shows ████████████████████████████████████ ████████████████████████████████████. (*Id.* at 7.)

Accordingly, Samsung argues, the only questions that remain are questions of law—the terms of the LGE-Qualcomm Agreement are no longer in dispute. (*Id.* at 7–8.)

In response, Evolved does not meaningfully contest any of the above arguments. (*See* Dkt. No. 226 at 9–10.) Rather, Evolved argues that Samsung does not address the main argument Evolved made in the briefing on the Motion for Partial Summary Judgment: that Section 5.3 did not create an automatic life-of-patent license. (*Id.*)

By resolving the disputed questions of fact, the Court finds that the unredacted version of the LGE-Qualcomm Agreement has the necessary probability of changing the outcome. Samsung asserts that the unredacted version addresses the Court's expressed concerns, and Evolved does not dispute this. The Court never reached Evolved's "primary argument" precisely because of these concerns. (*Id.* at 9.)

### ii. Whether the Facts Alleged Could Not Have Been Discovered Earlier by Proper Diligence

Samsung argues that it was diligent in pursuing the unredacted version of the LGE-Qualcomm Agreement. (Dkt. No. 223 at 8.) It subpoenaed Qualcomm with 5 months remaining for fact discovery, and immediately asked for an unredacted version of the LGE-Qualcomm Agreement. (*Id.*) Samsung then shows that "Qualcomm refused, but—as a compromise and to avoid burdening the Court with motion practice—Qualcomm ultimately agreed to produce versions that (1) were less redacted and (2) clearly marked the redactions as being 'Financial Information,' not terms relevant to the grant of rights from LG to Qualcomm." (*Id.*)

10

In response, Evolved argues that Samsung was not diligent because Samsung did not timely request the unredacted version of the LGE-Qualcomm Agreement. (Dkt. No. 226 at 6.) Samsung produced the email correspondence between it and Qualcomm, and Evolved asserts that nothing in the correspondence indicates that Samsung ever asked for an unredacted version. (*Id.*) Rather, Evolved asserts that ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████. (*Id.* at 7–9.)

The Court finds that Samsung has been sufficiently diligent. Diligence does not require that Samsung go to unreasonable lengths to obtain the license. Moreover, it is apparent that ███ ███████████████████████████████. Samsung represents that it initially subpoenaed the unredacted version of the LGE-Qualcomm Agreement from Qualcomm, and then negotiated for as few redactions as Qualcomm would permit without taking them to court. The record supports this narrative since the version produced to Samsung was less redacted than that produced in Delaware, and it also contained a representation by Qualcomm that the redacted terms were ███████████████████████ not relevant to the license defense. Moreover, the obvious reason that Qualcomm finally provided the unredacted version in September was that the Court had found that the redactions prevented Qualcomm's customer from getting the benefit of the Agreement.

It is easy with the benefit of hindsight to assert that Samsung should have done more, but the Delaware district court and the Federal Circuit accepted Samsung's arguments with a version of the LGE-Qualcomm Agreement that was even more redacted than the one presented to the Court at the summary judgment stage. Samsung was reasonable in assuming that less redactions are better than more, and being satisfied with a version of the Agreement that was not fully unredacted.

11

The Court is loath to grant a motion to reconsider based on evidence that could possibly have been obtained during the relevant period. However, under the unique set of facts presented here, Samsung's diligence was sufficient.

### iii. Whether the Facts are Cumulative or Impeaching

Samsung asserts that the newly unredacted portions of the LGE-Qualcomm Agreement are not cumulative or impeaching. (Dkt. No. 223 at 9.) Indeed, Samsung argues, they go directly to the fact disputes the Court relied upon. (*Id.*)

In response, Evolved argues that Samsung is taking inconsistent positions by arguing on the one hand that the unredacted portions prove that nothing behind the redactions mattered, that the newly unredacted portions are "irrelevant," yet arguing on the other hand that "by providing this irrelevant evidence, Samsung is entitled to reconsideration of its MPSJ because the new, irrelevant evidence is not cumulative of the evidence that was already before the Court." (Dkt. No. 226 at 10.)

The Court finds that these facts are not cumulative or impeaching. Further, the Court sees nothing about Samsung's position that is inconsistent. The facts are certainly new, and while they may show that nothing behind the redactions mattered, their relevance derives from the fact that they address the Court's concerns, as described above.

### iv. Conclusion

Because the Court finds that all three prongs of the test laid out in *Infusion* are met, the Court finds that the Motion for Reconsideration should be **GRANTED**. Accordingly, the Court turns now to the merits of the Motion for Partial Summary Judgment in light of the unredacted LGE-Qualcomm Agreement.

### B.  The Motion for Partial Summary Judgment

The Court described above the parties' positions as laid out in the briefing on the Motion for Partial Summary Judgment and does not repeat them here. However, the parties did make additional arguments regarding the Motion for Partial Summary Judgment in the briefing on the Motion for Reconsideration.

Samsung, in its reply brief to the Motion for Reconsideration, first argues that the Federal Circuit's opinion established that the LGE-Qualcomm Agreement protected Samsung. (Dkt. No. 229 at 2–3.) Samsung then re-urges its contract interpretation arguments. (*Id.* at 3–5.)

In Evolved's sur-reply brief to the Motion for Reconsideration, Evolved argues for the first time that the Federal Circuit's opinion did not definitively establish that the '679 Patent was covered by the LGE-Qualcomm Agreement. (Dkt. No. 230 at 3.) Evolved then argues that the result before the District of Delaware and the Federal Circuit may have been different if those courts had the fully unredacted Agreement before them. (*Id.* at 3–4.)

After reviewing the briefing and the unofficial transcript of the oral argument, the Court finds that judgment should be entered in favor of Samsung of no infringement under the doctrines of license and exhaustion.

As a preliminary matter, the Court finds that the unredacted version of the LGE-Qualcomm Agreement resolves the factual disputes previously identified by the Court during the pretrial conference. Samsung asserted as much in its opening brief for the Motion to Reconsider, and Evolved did not meaningfully contest this. (*See* Dkt. No. 223 at 4–8; Dkt. No. 226 at 9–10.) Further, Samsung does not contest that the LGE-Qualcomm Agreement was terminated, it only contests whether "that … termination was effective" as to the license. (Dkt. No. 138 at 3–4 (quotation marks omitted).)

13

The Federal Circuit was clear that the LGE-Qualcomm Agreement protects Samsung from assertions of infringement before January 1, 2019. *Evolved Wireless*, 840 Fed. Appx. 586 at 592. (*See* Dkt. No. 138 at 2.) Evolved asserts otherwise for the first time in its sur-reply to the Motion for Reconsideration. (Dkt. No. 230 at 2–5.) This argument is waived. *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 2959568, at *3 (E.D. Tex. Apr. 18, 2019) ("It is black-letter law that arguments raised for the first time in a reply brief are waived 'as a matter of litigation fairness and procedure.'") (citation omitted). It is also contradicted by Evolved's own response to Samsung's statement of facts. Samsung asserted as Statement of Undisputed Fact 23 that "[b]ecause the '679 patent asserted in this case is in the same family, and claims priority to the same application, as the '373 patent, the '679 patent is also covered by the LGE-Qualcomm license." (Dkt. No. 94 at 6.) In response, Evolved stated: "Regarding [Statement of Undisputed Fact] ¶ 23, Evolved admits that the [Federal Circuit]'s reasoning and analysis (which were based on a set of documents with different redactions than the set Samsung relies on here) would apply to the '679 Patent." Indeed, Evolved did not even accuse products containing Qualcomm chipsets before January 1, 2019. *See* Complaint ¶ 57 (Dkt. No. 1). Finally, Evolved cites no legal authority indicating that this Court may ignore the opinion of the Federal Circuit. Accordingly, the Court finds that the Federal Circuit's ruling is squarely applicable here: "The license agreement … precludes infringement for the period that it was in effect." *Evolved Wireless*, 840 Fed. Appx. 586 at 592.

The Court therefore now turns to whether Qualcomm's license to the '679 Patent terminated on December 31, 2018.

Both parties agree that California law controls the agreement. (*See* Dkt. No. 94 at 7, n.1; Dkt. No. 117 at 12–13.) *See also*, *Evolved Wireless*, 840 Fed. Appx. at 590 ("The license agreement

14

is governed by California law."). Under California law, the contract must be interpreted as a whole, giving effect to every provision. *See, e.g.*, *Titan Corp. v. Aetna Cas. & Surety Co.*, 22 Cal. App. 4th 457 (Cal. App. 1994).

Samsung argues that Section 5.3 provides that the license applies for the "life of the patent," so the license must not terminate during the "life of the patent." (Dkt. No. 94 at 7–11.) Further, Samsung argues, ███████████████████████████████████████████████ ███████████████ (*Id.* at 12.)

Evolved argues in response that Samsung's argument ignores the plain text of Section 5.3, which provides:

> Neither party nor any of their affiliates may sell, assign, or otherwise transfer any patent which is subject to the covenants granted in this Section 5 or the licenses granted in the License Agreement to any third party **unless such patent remains subject to the covenants granted in Sections 5.1 and 5.2** above or the licenses in the License Agreement, as the case may be, for the life of such patent.

(*See* Dkt No. 117 at 10 (emphasis supplied).) Further, Evolved argues, this language imposes additional duties on LGE and Qualcomm to ensure that any patents covered by Section 5.3 remain covered by the Agreement, and that ███████████████████████████████████. (*Id.* at 10.) Further still, Evolved argues, such a reading of the Agreement is consistent with Section 17.2 of the 2010 amendment:



15



(Dkt. No. 117 at 10–11.) Specifically, Evolved asserts that

(*Id.* at 11.)

(*Id.* at 11.)

Samsung argues in reply that Evolved's arguments miss the mark because Evolved is reading language into Section 5.3 by requiring that LGE take additional steps. (Dkt. No. 138 at 5.) Nothing in Section 5.3 requires that LGE take an additional step to ensure that the patents it sells remain covered by the Agreement, Samsung argues. (Dkt. No. 138 at 4–5.) Evolved re-urges its same arguments in sur-reply. (*See* Dkt. No. 161.)

The Court finds that the termination of the LGE-Qualcomm Agreement did not affect Section 5.3's applicability to the '679 Patent. As mentioned above, the Federal Circuit squarely held that "[t]he license agreement … precludes infringement for the period that it was in effect." *Evolved Wireless*, 840 Fed. Appx. 586 at 592. Moreover, Section 5.3 was in the public appellate appendix on appeal. (*See* Dkt. No. 138 at 1–2 (citing *Evolved Wireless, LLC v. HTC Corp.*, No. 20-1335, ECF No. 69 at Appx. 2318–20).) Evolved *could have* argued in that litigation that Section 5.3 meant that any license to Qualcomm (and thus Samsung) was terminated the moment that LGE transferred the patents to TQ Lambda without taking additional steps, but it did not.

16

Evolved waived the arguments relating to why the Agreement ceased to protect Samsung the moment LGE assigned any patents protected by the Agreement to TQ Lambda. *Webster v. Kijakazi*, 19 F.4th 715 (5th Cir. 2021) ("arguments not raised before the district court are waived and cannot be raised for the first time on appeal") (quotation and citation omitted); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed.Cir.2006) (noting that "arguments not raised in the opening brief are waived"). If an argument that could have been raised before a District Court is waived on appeal, and an argument not raised in an opening brief to a Court of Appeals is waived, then so too must an argument be that could have been raised before a District Court and a Court of Appeals that is now asserted before another District Court. Evolved's arguments that the Agreement merely created a duty on the part of LGE to take unspecified steps and that Section 5.3 is thus not automatic, could have been raised before the District Court of Delaware and the Federal Circuit because the issue is the same as is presented here. As such, they are waived.

Evolved's arguments are also unpersuasive. Section 10.3 provides ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Dkt. No. 94 at 4.) Accordingly, the termination effective December 31, 2018 did not affect the Agreement's applicability to the '679 Patent. Moreover, Section 5.3 provides that the license extends for the "life of such patent" so the '679 Patent is still licensed under the Agreement.

In sum: the Federal Circuit held that the Agreement protects Samsung in the first instance. The arguments raised by Evolved to the contrary are waived (and contrary to binding precedent). Section 10.3 provides ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And, finally, Section 5.3 clearly provides

17

that the license shall run for the life of the '679 Patent. (Dkt. No. 94 at 4.) Accordingly, the Court finds that partial summary judgment should be entered in Samsung's favor as to products containing the Qualcomm components.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Motion for Reconsideration should be and hereby is **GRANTED**.

Further, the Court also finds that the Motion for Partial Summary Judgment should be and hereby is **GRANTED**.

**So Ordered this**
**Oct 29, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

18